27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah MITCHELL, Petitioner-Appellant,
v.
Rodney J. AHITOW, Warden, Respondent-Appellee.
 No. 93-2187.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 5, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Elijah Mitchell, an Illinois state prisoner, was convicted following a bench trial of attempted murder, unlawful use of a weapon, and aggravated battery, and sentenced to twenty years in prison. See People v. Mitchell, No. 88-1187 (1st Dist. Nov. 2, 1990). Mitchell sought habeas corpus relief under 28 U.S.C. Sec. 2254, arguing that the state court judge (1) improperly examined the murder weapon during trial, and (2) imposed a greater sentence after he rejected a plea bargain of six years' imprisonment and opted for trial. The district court concluded that both claims were procedurally defaulted and denied relief. We affirm.
 
 
 2
 The sole issue on appeal is whether the district court erred in denying Mitchell's second claim without granting a hearing on the existence of "cause and prejudice" for the procedural default. Wainwright v. Sykes, 433 U.S. 72 (1977); Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993). Mitchell argues that the absence in the record of certain transcripts relating to the plea discussions is sufficient "cause" to excuse his failure to raise the claim in state court. To prove "cause," Mitchell must show that "some objective factor external to the defense impeded counsel's efforts" to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 3
 Mitchell falls short of meeting this standard. He has made no showing that the "gaps" in the state court record were due to a factor beyond his counsel's control. See Bell v. Lockhart, 2 F.3d 293, 299 (10th Cir.1993) (the absence of trial records due to a courthouse fire was insufficient cause to excuse the petitioner's procedural default), cert. denied, 114 S.Ct. 1229 (1994); McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir.) (per curiam) (lack of a trial transcript due to the pendency of a direct appeal in state court was insufficient cause to excuse the petitioner's procedural default), cert. denied, 112 S.Ct. 2283 (1992); compare Andiarena v. United States, 967 F.2d 715, 718-19 (1st Cir.1992) (per curiam) (unavailability of the trial transcripts at the time of the federal inmate's first motion under 28 U.S.C. Sec. 2255 was insufficient cause to avoid dismissal of second Sec. 2255 motion for abuse of the writ). Moreover, as Mitchell was able to advance his second claim here without the use of the transcripts, he clearly could have done so earlier. Andiarena, 967 F.2d at 719. Having failed to establish the requisite "cause" for his procedural default in state court, Mitchell was thus not entitled to an evidentiary hearing. Resnover, 965 F.2d at 1456 (citing Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992)).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record