United States Court of Appeals,

Fifth Circuit.

No. 93-7370.

Charles Lee GLOVER, Petitioner-Appellant,

v.

Edward M. HARGETT, Respondent-Appellee.

June 29, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Charles Glover appeals from the district court's dismissal of his application for a writ of habeas corpus. We affirm.

I

Glover pled guilty to one count of armed robbery in Mississippi state court in 1971 and was sentenced to serve ninety-nine years in prison. Following his conviction in Mississippi, he was returned to Alabama where he had been serving a term of life imprisonment for murder. When he was released from the Alabama prison on parole in 1988, he was returned to Mississippi to serve his ninety-nine-year sentence for armed robbery. In 1989, Glover filed a motion for post-conviction relief in Mississippi state court, contending that he had not received effective assistance of counsel, that the indictment against him was defective, and that his sentence was excessive under Mississippi law.

The Lauderdale County Circuit Court denied Glover's motion on

the grounds that his claims were time-barred, *see* Miss.Code Ann. § 99-39-5(2) (1994); *Odom v. State,* 483 So.2d 343, 344 (Miss.1986) (interpreting § 99-39-5(2) and holding that "[i]ndividuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post conviction relief"), and the Mississippi Supreme Court affirmed.

Glover then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988) in federal court. He alleged (1) that he had been denied his right to a speedy trial, (2) that his counsel had been ineffective, (3) that the Mississippi courts had denied him due process by holding that his claims were time-barred, (4) that his guilty plea was invalid because of the trial court's failure to satisfy his right to a speedy trial, and (5) that his extradition from Alabama to Mississippi in 1971 was unlawful. The district court dismissed the first, second, fourth, and fifth of these claims without prejudice for failure to exhaust state remedies, and it dismissed the third with prejudice.

After exhausting his state remedies, Glover filed a second habeas petition in which he reiterated all of his earlier claims except for his challenge to his extradition. The district court dismissed Glover's second petition, holding that Glover had procedurally defaulted his federal claims in state court. Glover appealed to this Court *pro se,* and we appointed counsel to represent him on appeal.

II

A

2

Glover argues that the district court erroneously dismissed his ineffective assistance of counsel claim without a hearing. The district court declined to reach Glover's ineffective assistance of counsel claim because the Mississippi Supreme Court had rejected it as time-barred under the applicable Mississippi statute of limitations. The district court concluded that because the Mississippi court's decision rested on an adequate and independent state law ground, Glover's claim was procedurally defaulted.

"In a federal habeas corpus proceeding, we review the district court's legal determinations *de novo*." *Johnson v. Puckett,* 929 F.2d 1067, 1070 (5th Cir.), *cert. denied,* 502 U.S. 898, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991). In *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated the procedural default doctrine as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice.

*Id.* at 750, 111 S.Ct. at 2565.

Glover did not allege in his habeas petition that he had cause for his default or that it caused him actual prejudice, and he made no showing of cause or prejudice in the district court. On appeal, Glover argues that he can demonstrate cause for his procedural default because he was incarcerated in Alabama for the period of time when the post-conviction statute of limitations went into effect and ran on his claims. We do not reach this argument,

3

however, because Glover did not assert it in the district court. "We have repeatedly held that a contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief." *Johnson v. Puckett,* 930 F.2d 445, 448 (5th Cir.) (citing cases), *cert. denied,* 502 U.S. 890, 112 S.Ct. 252, 116 L.Ed.2d 206 (1991); *see also Lincecum v. Collins,* 958 F.2d 1271, 1280-81 (5th Cir.) (holding that petitioner had waived one of two specific bases for ineffective assistance of counsel claim by failing to present it to the district court), *cert. denied,* --- U.S. ----, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992). Because Glover has not demonstrated cause for his procedural default, we need not consider whether his inability to bring his Sixth Amendment claim prejudiced him. *See Murray v. Carrier,* 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (holding that habeas petitioner must demonstrate both cause and prejudice to overcome procedural default).

In addition, Glover has not contended, either in the district court or on appeal, that he is actually innocent of the armed robbery to which he plead guilty. Indeed, he clearly admits in his habeas pleadings that he committed the crime. Therefore, the "manifest miscarriage of justice" exception to the procedural default rule does not apply, *see id.* at 496, 106 S.Ct. at 2649 ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."), and

4

the district court correctly held that it was barred from considering Glover's ineffective assistance of counsel claim, *see Coleman,* 501 U.S. at 757, 111 S.Ct. at 2568 (holding that because habeas petitioner had failed to demonstrate cause and had not argued on appeal that federal review of his claim was necessary to prevent a fundamental miscarriage of justice, he was "barred from bringing the[ ] claims in federal habeas").

B

Glover also argues that the district court erroneously dismissed his excessive sentence claim as procedurally defaulted. Specifically, he contends that Mississippi's post-conviction statute of limitations cannot bar federal habeas review of his claim because the Mississippi Supreme Court does not consistently apply its statute of limitations to excessive sentence claims. *See Hathorn v. Lovorn,* 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) ("[A] state procedural ground is not "adequate' unless the procedural rule is "strictly or regularly followed.' " (quoting *Barr v. City of Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964))).  We do not address this argument, however, because we hold that even if Mississippi courts do not regularly apply the post-conviction relief statute of limitations to excessive sentence claims, Glover's claim fails on the merits.  *See Wiley v. Puckett,* 969 F.2d 86, 104 (5th Cir.1992) (declining to decide whether Mississippi regularly enforced its

procedural bar because claim failed on its merits).[1]

Glover contends that his sentence was excessive under the Mississippi Supreme Court's decision in *Stewart v. State,* 372 So.2d 257 (Miss.1979). In *Stewart,* the defendant was convicted of armed robbery under Section 97-3-79 of the Mississippi Code, which provides: "Every person who [commits armed robbery] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years." Miss.Code Ann. § 97-3-79 (1994). The court interpreted this provision to mean that only the jury could sentence a defendant to life, and if the jury did not do so, the court lacked authority to impose a life sentence. *Id.* at 258. Consequently, in cases in which the jury does not fix a defendant's sentence at life, the court must sentence the defendant to a "definite term reasonably expected to be less than life." *Id.* at 259.

Glover argues that his sentence was excessive under *Stewart* because the trial court sentenced him to ninety-nine years in prison, a term that is not "reasonably expected to be less than

---

[1]*See also Smith v. Black,* 904 F.2d 950, 971 (5th Cir.1990) (assuming without deciding that claim was not procedurally barred because it failed on its merits), *vacated on other grounds,* 503 U.S. 930, 112 S.Ct. 1463, 117 L.Ed.2d 609 (1992); *Johnson v. Thigpen,* 806 F.2d 1243, 1252 (5th Cir.1986) (rejecting claim because "[t]o the extent the claim may not be procedurally barred it nevertheless fails" on the merits), *cert. denied,* 480 U.S. 951, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987).

life."  Glover's argument fails, however, because he was sentenced under an earlier and crucially different version of the armed robbery statute.  The version under which Glover was sentenced provided in pertinent part:  "Every person who [commits armed robbery] shall be punished by *death* if the penalty is so fixed by the jury;  and in cases where the jury fails to fix the penalty at *death,* the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years."  Miss.Code Ann. § 2367 (1942) (emphasis added).[2]  Thus, the trial court's imposition of a ninety-nine-year term of imprisonment was perfectly proper.  *See Allen v. State,* 440 So.2d 544, 545-46 (Miss.1994) (holding that sixty-year sentence for armed robbery, which would be excessive under *Stewart,* was permissible because defendant was sentenced under pre-1974 armed robbery statute);  *see also Flegg v. State,* 202 Miss. 179, 30 So.2d 615, 616 (1947) (holding that, under pre-1974 statute, sentence of life imprisonment was within sentencing court's discretion when jury failed to fix penalty at death).

Glover argues that the state courts' references to *Stewart* in their decisions rejecting his petition for post-conviction relief imply that they considered his sentence excessive under Mississippi law.[3]  Although we agree that the Mississippi Supreme Court is "the

---

[2]The Mississippi legislature amended the armed robbery statute in 1974.  *See* Act of Apr. 23, 1974, ch. 576, § 4, 1974 Miss. Laws 863, 865.

[3]The Mississippi Supreme Court referred to its holding in *Stewart* in its recitation of the procedural history of Glover's case and pointed out that Glover had not sought review of his

7

final authority on the meaning of Mississippi law," *Stringer v. Black,* 503 U.S. 222, 234, 112 S.Ct. 1130, 1139, 117 L.Ed.2d 367 (1992), the Mississippi Supreme Court did not hold that Glover's sentence was excessive. Instead, it ruled on procedural grounds, and any implication regarding the legality of Glover's sentence under *Stewart* is merely dicta. Therefore, based on the Mississippi Supreme Court's decision in *Allen,* we hold that Glover's excessive sentence claim fails on the merits.[4]

---

sentence in light of the *Stewart* decision within the applicable statute of limitations. *See Glover v. State,* 572 So.2d 881 (Miss.1990). Because it ruled on procedural grounds, however, the court did not reach the question of whether Glover's sentence was excessive under *Stewart. Id.*

The Circuit Court of Lauderdale County had similarly held that Glover's excessive sentence claim was time-barred, but it stated, in dicta:

The third ground asserted by the Petitioner is intriguing. *Stewart v. State,* 372 So.2d 257 (Miss.1979) did declare that a trial judge has no authority to sentence a defendant convicted of armed robbery to a term in the penitentiary exceeding his life expectancy absent a jury verdict of a life sentence. Obviously, a 99 year sentence given to this defendant in 1971 is excessive under the *Stewart* criteria.

*Glover v. State,* No. 89-CV-045-(R), slip op. at 2 (Lauderdale County Cir.Ct. May 5, 1989), *aff'd,* 572 So.2d 881 (Miss.1990). The court did not consider the Mississippi Supreme Court's decision in *Allen,* however, and the reasoning behind its dicta is unclear.

[4]In his *pro se* brief, Glover also argues that the Mississippi statute of limitations for petitions for post-conviction relief cannot apply to him on collateral review because it is a new rule under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). This argument fails, however, because *Teague* concerned the retroactive application of court-made rules of criminal procedure, not state statutes. *See* 489 U.S. at 299-300, 109 S.Ct. at 1069.

8

III

For the foregoing reasons, we AFFIRM the district court's dismissal of Glover's habeas petition.

---

Glover also raises a number of claims in his *pro se* reply brief, but "[t]his Court will not consider a claim raised for the first time in a reply brief." *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).