UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/22/96**

LELAND JAMES DODD,

     Petitioner-Appellant,

vs.

STEVE HARGETT,

     Respondent-Appellee.

No. 96-6204
(D. C. No. CIV-95-1636)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

This matter is before the court on Petitioner Leland James Dodd's application for a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. "A petitioner convicted of a state crime may not appeal a federal district court's denial of habeas corpus relief unless the court of appeals

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

or district court grants a certificate of appealability." Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996) (citing Antiterrorist and Effective Death Penalty Act of 1996, Pub L. No. 104-132, tit. 1, §§ 102-03, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)(1)(A), Fed. R. App. P. 22(b)) [hereinafter "Act"]).  Moreover, we will not grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right."  Act, § 102 (to be codified at 28 U.S.C. § 2253(c)(2)); see also Lennox v. Evans, 87 F.3d 431, 434-35 (10th Cir. 1996).

Petitioner in this case is a convicted felon in the custody of the Oklahoma Department of Corrections.  Petitioner filed a § 2254 petition in the district court challenging his state convictions and sentences to one count of possession with intent to distribute a controlled substance and one count of conspiracy to traffic in illegal drugs. Petitioner alleged in the district court that (1) his conviction for two crimes arising from the same act constituted double jeopardy, (2) his punishment, consisting both of forfeiture and incarceration constituted double jeopardy, (3) his life sentence without parole constituted cruel and unusual punishment, and (4) he received ineffective assistance of counsel.[1]  The magistrate judge analyzed Petitioner's contentions and recommended that

---

[1] On appeal, Petitioner raises for the first time an argument as to the sufficiency of the evidence against him.  We do not address this argument because Petitioner did not raise it in the district court.  "[A] contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief."  Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995), cert. denied, 116 S. Ct. 726 (1996).

2

the district court dismiss the petition both for procedural default and on the merits.  The district court reviewed Petitioner's objections to the recommendation, dismissed the petition, and denied Petitioner a certificate of appealability.

We have reviewed the magistrate judge's recommendation, the district court's order, Petitioner's application for a certificate of appealability, and the entire record before us.  We conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right for the reasons set forth in the magistrate judge's recommendation and the district court's order.  Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge