United States Court of Appeals,

Fifth Circuit.

No. 96-30638.

Ronald GLOVER, Petitioner-Appellant,

v.

Burl CAIN, Warden,

and

Richard Ieyoub, Attorney General, State of Louisiana,
Respondents-Appellees.

Nov. 20, 1997.

Appeal from the United States District Court for the Eastern
District of Louisiana.

Before MAGILL,[*] SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ronald Glover appeals the denial of his petition for writ of
habeas corpus. Concluding that he has failed to demonstrate cause
for his procedural default, we affirm.

I.

In 1985, during a single proceeding encompassing two separate
cases, Glover pleaded guilty to four counts of armed robbery, three
counts of forcible rape, four counts of simple kidnapping, three
counts of aggravated crimes against nature, three additional counts
of armed robbery, and one count of attempted armed robbery. He was
sentenced to forty years' hard labor.

Glover's long march through the post-conviction legal system

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

1

began in May 1990, when he requested the transcript of his 1985 plea and sentencing proceeding. In July 1990, the state trial court ordered the court reporter to furnish Glover with the transcript. In February 1991, the state court of appeal granted Glover a writ of mandamus, directing the state court to enforce its initial order. In May 1991, the court of appeal again ordered that Glover be provided a transcript. Glover did not receive the transcript until December 1991.

In the midst of Glover's quest for the transcript, Louisiana enacted a law limiting a prisoner's ability to seek post-conviction relief. That statute, LA.CODE CRIM.PROC. art. 930.8, effective October 1, 1990, provides that "[n]o application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final." The statute granted a one-year grace period to prisoners whose cause of action otherwise would be immediately extinguished.

Because Glover—having been sentenced in 1985—fell into this category, he had until October 1, 1991, to file his claim. On September 12, 1991, he sought an extension on grounds that he had yet to receive the transcript. The trial court denied his motion, and the court of appeal affirmed.

Despite the denial of an extension, Glover failed to file before the deadline. In February 1992, he finally filed an application for post-conviction relief. The trial court denied his application, and the court of appeal affirmed, finding his claim

2

procedurally barred under art. 930.8. Glover then proceeded to the Louisiana Supreme Court, which affirmed the appellate court's conclusion that the claim was untimely and rejected Glover's constitutional challenge to the statute. *See State ex rel. Glover v. State,* 660 So.2d 1189 (La.1995).

Glover next sought habeas relief in federal court, pressing a litany of claims.[1] The federal district court found that Glover had exhausted his state remedies but agreed with the state courts that his suit was procedurally barred and that the statute was constitutional. Glover was then granted a certificate of appealability limited to the question whether he had shown cause for his procedural default in state court.

## II.

We review a district court's denial of federal habeas review based on state procedural grounds *de novo* and its findings of fact for clear error. *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.1995). Our review of Glover's claims is bounded by the independent and adequate state grounds doctrine.

---

[1]Specifically, Glover argued that (1) the state trial court failed to inform him of the nature and elements of his offenses; (2) his guilty pleas lacked a factual basis; (3) the state failed to honor its side of the plea agreement; (4) the state trial court failed to inform him that some of his sentences must be served without benefit of probation, parole, or suspension of sentence; (5) the state trial court failed to inform him of maximum possible sentences and the maximum possible accrued sentence; (6) the state trial court failed to credit him for time served; (7) the state trial court orally amended the indictment; (8) the state trial court failed to enter a signed final order; (9) the Louisiana statute (art. 930.8) is unconstitutional; (10) the Louisiana Supreme Court erroneously found the statute constitutional; and (11) he was erroneously denied an evidentiary hearing in state court.

In *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* at 750-51, 111 S.Ct. at 2564-66. Accordingly, before we can reach the merits of Glover's habeas claim, we must find that he has demonstrated cause for his procedural default.

### A.

We begin by asking whether Glover defaulted his claims pursuant to an "independent and adequate" state rule. In *Amos,* 61 F.3d 333, we recognized that in order to fulfill the independence requirement, the last state court rendering a judgment must "clearly and expressly" indicate that its judgment rests on a state procedural bar. *Id.* at 338. In denying Glover's application, the Louisiana Supreme Court clearly and expressly indicated that its ruling was premised on the untimeliness of the claim under LA.CODE CRIM.PROC. art. 930.8. *See Glover,* 660 So.2d at 1201-02 (affirming judgment of court of appeal, which barred Glover's claim pursuant to the statute). The court's holding is sufficient to fulfill the independence requirement.

The state procedural rule also must be adequate. An "adequate" rule is one that state courts strictly or regularly

4

follow, and one that is applied evenhandedly to the vast majority of similar claims.  *Amos,* 61 F.3d at 339 (citing *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988), and *Dugger v. Adams,* 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989)).  Moreover, "[a] state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief."  *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir.1996).

There is no suggestion that art. 930.8 has been applied selectively or irregularly.  Because Louisiana courts have regularly invoked the statute to bar untimely claims,[2] we find nothing to trump the presumption of adequacy.

B.

We now turn to Glover's central contention:  that the state's delay in furnishing him with a transcript of his plea and sentencing proceeding constitutes "cause" under *Coleman.*  This is a question we expressly reserved in *McCowin v. Scott,* 67 F.3d 100, 102 (5th Cir.1995), in which we held that, for purposes of Rule 9(b) of the Rules Governing Section 2254 Cases, a prisoner's lack of access to a transcript cannot constitute cause if he has not allowed the state a reasonable amount of time to respond to his request before filing his initial habeas petition.  Because the prisoner in *McCowin* had failed to meet this requirement, we avoided

---

[2]*See, e.g., State ex rel. Nelson v. Louisiana,* 699 So.2d 87 (La.1997);  *State ex rel. Russell v. Louisiana,* 699 So.2d 86 (La.1997).

5

the broader question of whether a state's failure promptly to furnish a transcript may constitute cause. *Id.*

Other circuits have split on this question. The Eleventh Circuit has held that failure to furnish a trial transcript for a direct appeal in state court may suffice as cause. *See Dorman v. Wainwright,* 798 F.2d 1358, 1370 (11th Cir.1986). The Seventh and Eighth Circuits have reached the opposite conclusion in unpublished opinions. *See Mitchell v. Ahitow,* 27 F.3d 569, 1994 WL 323211 (7th Cir.1994) (per curiam) (unpublished); *United States v. Evans,* 12 F.3d 1103, 1993 WL 503252 (8th Cir.1993) (per curiam) (unpublished).

The Supreme Court has sketched the contours of what constitutes cause for a procedural default. In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Court held that a defense counsel's inadvertent failure to raise a substantive claim of error is insufficient to establish cause. The Court explained that cause requires an *external* impediment:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard.

*Id.* at 488, 106 S.Ct. at 2645 (internal citations and quotation marks omitted).

Applying this standard, we find that Glover has not shown that his failure to receive a transcript before the filing deadline

6

prevented him from developing a factual or legal basis for his claim. Glover concedes that he knew the facts underlying his allegation that the state breached the plea agreement. More importantly, he does not allege the existence of legal claims he needed the transcript to uncover; his argument is that he lacked supporting facts that could flesh out his legal claims.

Glover's knowledge of his legal claims is illustrated by his pleadings, filed with the district court, in which he acknowledged that prior to receiving the transcript, he was aware that a conviction for armed robbery did not allow for parole eligibility, as he alleges he was led to believe at his sentencing. Glover further admitted that, prior to receiving the transcript, he knew that his parole eligibility date was some ten years later than the date he had supposedly been promised. Finally, Glover conceded that, prior to receiving the transcript, he was aware that his earliest release date was twenty-six years away, rather than the thirteen-year period he had purportedly agreed to. This knowledge was more than sufficient to form a factual and legal basis upon which an application could be filed.[3]

As the Louisiana Supreme Court observed, because Glover was aware of his underlying legal claims, he could have filed his

---

[3]The First Circuit has addressed a similar question in a related context. In *Andiarena v. United States,* 967 F.2d 715 (1st Cir.1992), the court held that a petitioner who did not have access to the transcripts of his trial had not established cause for failing to raise certain arguments in his initial habeas petition. The court noted that "the factual and legal basis underlying each of these claims was obviously apparent at the time of trial." *Id.* at 719.

application before the deadline, then moved to supplement the record.[4] From the moment of his sentencing until the deadline imposed by art. 930.8, Glover had more than six years in which to file an application. That he did not do so cannot be blamed on a tardy transcript.

Glover argues that the state's failure promptly to provide him with the transcript was an external factor beyond his control. This contention may be correct, but it misses the point. The question is not whether an external factor prevented him from receiving the transcript, but whether an external factor prevented him from developing a "factual or legal basis for a claim." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645.

In sum, the district court's finding that Glover was aware of the basis for his claims is supported by the evidence. Glover has not shown, as the Court required in *Murray,* that the denial of the transcript precluded him from developing a factual or legal basis for a claim.[5]

### III.

Finally, Glover has not established that a "fundamental

---

[4]"We believe our decision in *Duhon* [*v. Whitley,* 642 So.2d 1273 (La.1994) ] provides additional assistance to inmates facing the constraints of Art. 930.8 by ensuring that a petitioner who timely files an application for post conviction relief will, in the discretion of the trial court and when justice requires it, have the opportunity to amend and supplement his application." *Glover,* 660 So.2d at 1197 n. 8.

[5]Because we find that Glover has failed to show cause for his procedural default, we need not consider whether he suffered actual prejudice. *See Glover v. Hargett,* 56 F.3d 682, 684 (5th Cir.1995).

miscarriage of justice" will occur if his claim is deemed time barred.  In order to prove a fundamental miscarriage of justice, the prisoner must assert his actual innocence.  *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir.1995).  Glover has not raised that claim here.

AFFIRMED.