**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR BROADNAX,

      Petitioner-Appellant,

v.

STATE OF NEW MEXICO,

      Respondent-Appellee.

Case No. 97-2384
(D.C. CIV-97-308 MV/RLP)
(District of New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

On April 4, 1994, Arthur Broadnax was convicted in state court of trafficking in a controlled substance by possession with intent to distribute,

---

    *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

tampering with evidence, and resisting, evading, or eluding an officer. He exhausted his appeals in state court and subsequently filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254. Mr. Broadnax was represented by counsel at trial and on direct appeal, but he is pursuing his habeas claim *pro se* . He raises three issues on appeal: 1) insufficient evidence to sustain a conviction for trafficking; 2) violation of the Fourth Amendment;[1] and 3) ineffective assistance of counsel.

This case arises from a vehicle chase and a subsequent search and seizure. On February 24, 1993, Agent Rick Haury, driving an unmarked car and wearing civilian clothes, pursued Mr. Broadnax's vehicle because he believed there was an outstanding warrant for Mr. Broadnax's arrest. When Mr. Broadnax failed to stop, Agent Haury called for backup. Officer Alfred Waldrep took up the chase and pursued Mr. Broadnax to a residence in Albuquerque.

Mr. Broadnax ran into the house through the front door. Officer Waldrep followed, but the door was shut and locked by the time he reached it. One of the occupants of the residence, Melvin Wright, opened the door for Officer Waldrep.

---

[1]In his petition, Mr. Broadnax cites portions of the New Mexico Constitution as grounds for habeas relief. See Rec. doc. 1, at 5. However, "[a] federally issued writ of habeas corpus . . . reaches only convictions obtained in violation of some provision of the United States Constitution." Smith v. Phillips, 455 U.S. 209, 221 (1982). Therefore, we, like the magistrate judge, interpret this portion of Mr. Broadnax's petition as arising only under the Fourth Amendment to the United States Constitution.

When Officer Waldrep went inside, he saw Mr. Broadnax step out of a bathroom down a hallway, and he heard the sound of a toilet flushing. Officer Waldrep tackled and handcuffed Mr. Broadnax in the hallway and then went into the bathroom, where he observed a small plastic bag containing crack cocaine floating in the toilet.

Mr. Broadnax argues that there was insufficient evidence to convict him of trafficking by possession with intent to distribute. When a petitioner raises insufficiency of the evidence on federal habeas review of a state court conviction, the court is not to ask itself whether it believes the evidence established guilt beyond a reasonable doubt. Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

In order to convict a defendant of trafficking by possession with intent to distribute, the state was required to establish the following elements beyond a reasonable doubt: 1) the defendant had crack cocaine in his possession; 2) the

3

defendant knew it was crack cocaine, or believed it to be crack cocaine, or believed it to be some drug or other substance the possession of which is regulated or prohibited by law; and 3) the defendant intended to transfer it to another. N.M. U.J.I. § 14-3111 (1986). Mr. Broadnax argues that there was insufficient evidence on the third element--his intent to transfer the crack-- because the amount of crack that Officer Waldrep found in the toilet was consistent with personal use, not distribution.

The only evidence presented on the issue of Mr. Broadnax's intent to transfer the crack was the amount, 6.8 grams. The state presented testimony of two expert witnesses, a detective and a criminologist, that this amount of crack was consistent with drug dealing and inconsistent with personal use. Mr. Broadnax, on the other hand, presented testimony of a pharmacologist and a former crack addict, that this amount of crack was consistent with personal use for a crack addict. A rational trier of fact faced with this evidence could have found that Mr. Broadnax possessed the crack with the intent to transfer it to another person.

Mr. Broadnax further argues that the State violated his Fourth Amendment right to be free of unreasonable searches and seizures. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state

4

prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976). There is simply no evidence that the State failed to provide Mr. Broadnax a full and fair opportunity to litigate his Fourth Amendment claim. In fact, the record reflects that Mr. Broadnax litigated the reasonableness of the search and seizure, both at trial and on appeal, under the New Mexico and the United States Constitutions. We conclude that Mr. Broadnax was given a full and fair opportunity to litigate his Fourth Amendment claim in state court; therefore, this claim does not present grounds for federal habeas relief.

Finally, Mr. Broadnax claims that he received ineffective assistance of counsel. However, he did not raise this claim in his habeas petition. See Rec. doc. 1, at 5-6. The district court, therefore, did not address it. We, likewise, decline to address it since it was raised for the first time on appeal. See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995) ("[A] contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief.") (citation omitted).

Accordingly, we DENY Mr. Broadnax's Application for a Certificate of Appealability, and we DISMISS this appeal. The mandate shall issue forthwith.

5

Entered for the Court,

Robert H. Henry
Circuit Judge