IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30440
Summary Calendar
_____

LAWRENCE R. PITTMAN, SR.,
also known as Terry Hill,

                                        Petitioner-Appellant,

                              versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 99-CV-2396-H
_____
January 11, 2001

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Lawrence R. Pittman, Sr., Louisiana prisoner # 101703, appeals the district court's denial of his 28 U.S.C. § 2254 petition. The district court granted Pittman a certificate of appealability on the issue whether he "was denied due process through the use of a jury instruction alleged to be unconstitutional under Cage v. Louisiana," 498 U.S. 39 (1990). The district court held that

_____

   [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal review of the Cage issue was procedurally barred because the state court's decision rested on an independent and adequate state ground.

The last state court rendering a reasoned judgment in Pittman's case explicitly rejected his Cage claim based on an independent and adequate state law procedural ground, namely, La. Code Crim. Proc. Ann. art. 930.8. See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). A habeas petitioner can overcome his procedural default by showing "cause" for the default and "prejudice" as a result of the alleged violation. See Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996). Pittman's claim that the "cause" for his untimely application for relief was his inability to timely obtain, despite several requests, a copy of the jury instructions used at his trial is insufficient. Glover, 128 F.3d at 903-04.

A petitioner may nevertheless overcome a procedural bar without demonstrating cause and prejudice by showing that failure to consider the claim will result in a fundamental miscarriage of justice, because, as a factual matter, he did not commit the crime of conviction. See Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995). Pittman has not shown that a fundamental miscarriage of justice will occur if the court does not consider his claims because he is actually innocent of the underlying offense. Pittman has therefore

2

failed to show that the district court erred in holding that his Cage claim was procedurally barred. Accordingly, the judgment of the district court is

A F F I R M E D.