IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30350
_____


JOHN A. RICHARD,

                                    Petitioner-Appellant,

                        versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                    Respondent-Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
USDC No. 99-CV-1795
_____
March 7, 2001

Before FARRIS,* JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:**

        John A. Richard filed a habeas petition in the district court,

challenging the constitutionality of his Louisiana state court

conviction for aggravated rape.  The district court dismissed

Richard's petition as time-barred under the Antiterrorism and

_____

        *Circuit Judge of the Ninth Circuit, sitting by designation.

        **Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Effective Death Penalty Act ("AEDPA"). Richard appeals, and we vacate the judgment and remand for further proceedings.

I

In February 1990, John A. Richard was convicted of three counts each of aggravated rape and oral sexual battery. He was sentenced to life imprisonment. After a Louisiana court of appeals affirmed his convictions, Richard filed a state habeas petition, which the trial court denied in November 1993. The Louisiana Supreme Court granted Richard's application for a supervisory writ and remanded the case for an evidentiary hearing on his ineffective assistance of counsel claim. After the trial court set aside Richard's convictions on the sexual battery counts, the state appellate court reinstated the convictions. The Louisiana Supreme Court denied Richard's application for a supervisory writ on September 18, 1998. Richard filed a second state habeas petition in March 1999, which the state trial court denied two months later. He then applied for a writ of review from the state appellate court in June 1999, but the appellate court denied the petition three months later.

Richard filed this federal habeas petition on September 29, 1999. He alleged that (1) the jury instruction regarding reasonable doubt was unconstitutional, (2) he received ineffective assistance of counsel, and (3) the State withheld exculpatory evidence in violation of Brady.

2

The magistrate judge recommended that the federal habeas petition be denied as time-barred under 28 U.S.C. § 2244(d), which imposes a one-year limitation period for federal habeas relief. The magistrate judge noted that the Louisiana Supreme Court denied his application for a supervisory writ on September 18, 1998, and that Richard did not file his federal habeas petition until September 29, 1999. The magistrate judge was not aware that Richard had filed a second state habeas petition in March 1999.

Richard filed objections to the magistrate judge's report, but he did not argue that the pendency of his second state habeas petition tolled the statute of limitations. Instead, Richard argued that his petition was timely filed because the Louisiana Supreme Court's September 1998 order denying his petition for a supervisory writ did not become final until the 14-day period for filing a petition for rehearing had expired. Richard thus concluded that he had until October 2, 1999, to file his federal habeas petition.

The district court adopted the magistrate judge's recommendations and dismissed Richard's habeas petition as time-barred. The court conducted a de novo review of the record, but there was nothing in the record or pleadings about Richard's second state habeas petition.

Richard then filed a request for a certificate of appealability ("COA"). In his COA application, Richard finally disclosed that he had filed a second state habeas petition in March

3

1999. He argued that the second petition should have been considered "pending" for approximately four and a half months when it was being considered by the Louisiana courts. Under this scenario, his petition would have been timely filed. See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999). On the preprinted form, the district court checked the box indicating that the COA was being denied "because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right." Based on this pro forma denial of the COA, it is not clear whether the district court actually considered and rejected Richard's new argument. Nevertheless, Richard's argument regarding the pendency of his second state petition was before the district court in the COA application.

Richard then requested a COA from this court to appeal the district court's dismissal of his petition as time-barred.[1] We noted that Richard had stated a facially valid constitutional claim and that it is "debatable whether the district court was correct in its procedural ruling given the information presented in Richard's COA application in the district court as to his second state habeas petition. . . . As this court has not yet addressed whether the

---

[1]"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

4

district court should consider such information raised for the first time in the petitioner's COA application in the district court, a COA is GRANTED on that issue." We review de novo the district court's denial of Richard's habeas application on procedural grounds. Johnson v. Cain, 215 F.3d 489, 494 (5th Cir. 2000).

## II

### A

The first question to address is whether the district court, when ruling on a pro se petitioner's COA application, should have considered facts that (1) were presented for the first time in the COA application, (2) pertained only to procedural questions, and (3) called into doubt the correctness of the district court's decision to dismiss Richard's habeas petition as time-barred.

We are concerned that Richard waited until the filing of his application for a COA to bring these highly relevant facts to the district court's attention. However, the State does not contend that Richard waived his right to present new arguments about the timeliness of his federal petition. Moreover, there is no authority indicating that such procedural arguments are waived by the petitioner. In fact, at least one district court has issued a COA in a similar situation. In a recent Second Circuit case, the "district court dismissed the petition sua sponte as time-barred but granted appellant's motion for a certificate of appealability ('COA'). When the district court dismissed the petition, . . .

5

appellant's representations concerning [his later state habeas petition] were not before it.  These came to light only when appellant moved the district court for a COA."  Bennett v. Artuz, 199 F.3d 116, 118 (2d Cir. 1999), *aff'd*, 121 S.Ct. 361 (2000).

Because the state has virtually conceded that the district court could have considered this newly presented fact, we conclude that Richard's evidence that his second state habeas petition was pending for several months in 1999 was properly before the district court.  Consequently, the district court could have considered this new evidence, and we may consider it on appeal.  Cf. Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995), cert. denied, 116 S.Ct. 726 (1996)("[A] contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief.").

B

The second question for us, which must be considered in the light of the additional information presented in the COA application, is whether the district court erred in dismissing Richard's habeas petition as time-barred.  We conclude that the pendency of Richard's second state habeas petition tolled the one-year AEDPA statute of limitations.

As noted above, the Louisiana Supreme Court denied Richard's request for a supervisory writ for his criminal conviction on September 18, 1998.  Richard thus had one year from that date to

6

file a federal habeas petition. See 28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides, however:

> [T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year] period of limitation.

28 U.S.C. § 2244(d)(2).

Richard's second state habeas petition was filed on March 19, 1999, and denied by the trial court on May 6. His petition for a writ of review from a state appellate court was filed on June 14 and denied on September 15. These state petitions were, in the aggregate, pending for a period of over four months, during which time the one-year limitation period for those claims was tolled under section 2244(d)(2).

The State does not argue that Richard's 1999 state petition was not "properly filed." Cf. Artuz v. Bennett, 121 S.Ct. 361 (2000); Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1997). Instead, the State argues that the pendency of the 1999 habeas before the state courts did not toll the one-year limitations period that began in September 1998 because the denial of the 1999 state habeas petition "was not a pertinent judgment or claim" within the meaning of section 2244(d)(2).[2] We believe the State

_____

[2]The State argues that Richard "never intended to make the second post-conviction relief application issues a part of his habeas corpus application. And as a result, it is apparent that the denial of the second post-conviction [petition] was not a pertinent judgment or claim as required under 28 U.S.C. § 2244(d)(2). . . . [S]ince the habeas application does not relate

7

has misread the statutory language. The word "judgment" in section 2244(d)(2) refers to the "judgment of a State court" with respect to which the petition seeks review, that is, the judgment that resulted in the petitioner's being placed in custody. See 28 U.S.C. § 2244(d)(1). That judgment became final for the purposes of section 2244(d)(1)(A) in September 1998. It is immaterial whether Richard's second state habeas petition raised issues that were not raised in his federal habeas petition. What matters is that Richard, in the second state habeas petition, sought "State post-conviction or other collateral review with respect" to the same judgment (i.e., his conviction for aggravated rape and sexual battery) that he is challenging through the federal habeas petition that is now before us.

We therefore conclude that the one-year limitation period was tolled during the pendency of Richard's second state habeas petition attacking the same judgment of conviction involved in this appeal. The federal habeas petition filed in September 1999 was timely, and the district court erred in dismissing it as time-barred.

## III

For the aforementioned reasons, the district court's order denying Richard's petition for a writ of habeas corpus is VACATED.

---

to the second post-conviction application, its pendency does not toll the statute of limitations under AEDPA."

8

The case is REMANDED for consideration of the merits of the petition.

VACATED and REMANDED.