IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31186
Summary Calendar

_____

CLIFTON JOSEPH GREEN,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-86
--------------------
April 30, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Clifton Joseph Green, Louisiana state prisoner # 96168, argues that the district court erred in dismissing his 28 U.S.C. § 2254 habeas petition based on it untimeliness under 28 U.S.C. § 2244(d)(1) and the state procedural default bar.  Green argues that the State failed to disclose exculpatory evidence that could have been used at his trial to impeach the identification testimony of the victim in violation of Brady v. Maryland, 373 U.S. 83 (1963).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A habeas petitioner has one year from the date that his conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review to file a habeas application. 28 U.S.C. § 2244(d)(1)(A). Exceptions to the accrual date of the one-year limitation period include a state-created impediment to the petitioner's filing of an application and the discovery of new facts supporting the claim which could not have been discovered with due diligence on an earlier date. See 28 U.S.C. § 2244(d)(1)(B),(C),(D). The time during which a properly filed application for state postconviction relief or other collateral review is pending shall not be counted. See 28 U.S.C. § 2244(d)(2).

We assume without deciding that the prosecutor's failure to disclose the existence of a laboratory report showing the results of serological testing of a paper towel and the State's placement of the report in the incorrect criminal file was a state-created impediment that delayed the accrual date of the limitation period on Green's Brady claim until September 17, 1987. His claim would then not be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)(B),(D), § 2244(d)(2).

The state court dismissed Green's state postconviction application pursuant to La. Code Crim. P. Ann. art. 930.8 (West Supp. 2000), which is an independent and adequate ground regularly invoked by Louisiana courts to bar untimely applications. See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). When a state-court decision has rejected, pursuant to an adequate and

2

independent state procedural bar, a constitutional claim that is presented in a federal habeas application, this court may not review the merits of the federal claim absent a showing of cause and prejudice for the procedural default or a showing that failure to review the claim would result in a miscarriage of justice. See Boyd v. Scott, 45 F.3d 876, 879-80 (5th Cir. 1994).

We assume that the prosecutor's nondisclosure of the report and the misfiling of the report in another suspect's file constituted "cause" for Green's failure to assert his Brady claim in a state postconviction application within the state limitation period. See Strickler v. Greene, 527 U.S. 263, 284 (1999).

To establish "prejudice," Green must convince the court that "'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." Id. at 289 (citation omitted). Green has failed to demonstrate that he was prejudiced by the nondisclosure of the laboratory report before his trial because he failed to establish that the laboratory test was conducted on the actual paper towel used by the victim following the offense. Further, the negative test results did not disprove that the attempted rape occurred but only reflected the absence of vaginal or seminal fluid on that particular towel.

Additionally, despite the testimony of Green's three alibi witnesses, the discrepancy between the testimony that Green always wore a beard and the victim's description of the robber as clean shaven, and the unusual circumstances surrounding the out-of-court

3

identification, the jury accepted the victim's unwavering testimony that Green was the perpetrator. Green has failed to show that there is a reasonable probability that the result of the trial would have been different if the negative test results on a paper towel had been presented to the jury.

Nor has Green demonstrated that the admission of the laboratory report at trial would have established his actual innocence of the armed robbery offense.

Green also argues that his claim that the grand jury forepersons in Calcasieu Parish have always been selected on a discriminatory basis is not procedurally barred. The district court determined that this claim was time-barred by 28 U.S.C. § 2244(d)(1) and also procedurally defaulted.

It has been long been established that the conviction of a black defendant cannot stand under the Equal Protection Clause if it is based on an indictment from a grand jury from which blacks were excluded on the basis of race. See Rideau v. Whitley, 237 F.3d 472, 484 (5th Cir. 2000). Thus, it was well-settled before Green's trial that a black defendant had the right to challenge the discriminatory selection process of grand jury members, including the selection of the grand jury foreperson. See Rose v. Mitchell, 443 U.S. 545, 551 (1979).

Green has not demonstrated that if he had acted with due diligence that he could not have discovered facts reflecting the alleged pattern of discriminatory selection of grand jury forepersons in Calcasieu Parish in the years preceding his 1981

4

conviction.  Green has failed to show "cause" for his failure to raise the issue in the state court within the state prescriptive period.  He has not shown that proof of a discriminatory selection process would establish his actual innocence.  Thus, Green has failed to show that the district court erred in determining that review of this claim is procedurally barred.

Because Green has failed to show that he acted with due diligence to discover the factual basis for this claim, the district court did not err in determining that this claim was also untimely filed under 28 U.S.C. § 2244(d)(1).

The district court's dismissal of Green's 28 U.S.C. § 2254 habeas petition is AFFIRMED.