IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30339
Summary Calendar
_____

RONALD WILLIAMS

                    Petitioner - Appellant

        v.

BURL CAIN, Warden, Louisiana State Penitentiary,

                    Respondent - Appellee

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3864-C
--------------------
January 15, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Ronald Williams, Louisiana prisoner # 100849, appeals the district court's application of the procedural default doctrine and the court's refusal to review several of Williams' 28 U.S.C. § 2254 claims. The district court determined that Williams' claims of 1) discrimination in the selection of the grand jury foreperson, 2) an unconstitutional reasonable-doubt instruction under Cage v. Louisiana, 498 U.S. 39 (1990), 3) improper prosecutorial comments affecting the fairness of Williams' trial, and 4) discrimination with the selection of the petit jury under

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Batson v. Kentucky, 476 U.S. 89 (1986), had been denied by the state habeas courts based on Williams' failure to raise a contemporaneous objection to each of these issues in the trial court.  A certificate of appealability was granted on whether the district court erred in applying the procedural default doctrine to these claims.

Federal habeas review of a claim is procedurally barred if the last state court to consider the claim "clearly and expressly" based its denial of relief on an "independent and adequate" state procedural rule.  Glover v. Cain, 128 F.3d 900, 902, (5th Cir. 1997); see Bledsue v. Johnson, 188 F.3d at 250, 254 (5th Cir. 1999).  Even if Williams' failure to raise a contemporaneous objection with respect to the above listed habeas claims would have barred review of the claims in state court, "the mere existence of a procedural default does not deprive federal courts of jurisdiction."  Bledsue, 188 F.3d at 250, 256 (5th Cir. 1999) (citation omitted).  To prohibit federal collateral review, "the state court must have *expressly* relied on the procedural bar as the basis for disposing of the case."  Id.

None of the state court judgments addressing the four § 2254 claims expressly indicated that the denial of relief was based on an independent and adequate state law.  The application of the procedural default doctrine to these claims was error.  The judgment of the district court dismissing these claims as procedurally barred is VACATED, and this case is REMANDED for further proceedings.