IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41182
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LARRY WILSON DICKEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-131
USDC No. G-94-CR-8-1
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The district court granted Larry Wilson Dickey, federal inmate #66249-079 a certificate of appealability ("COA") on the issue whether in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Dickey's enhanced sentence was unconstitutionally calculated by the district court.

Dickey was convicted by a jury of aiding and abetting the manufacture of methamphetamine, aiding and abetting possession

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute methamphetamine, being a felon in possession of firearms, and possession of an unregistered firearm. Dickey was sentenced to concurrent sentences of life imprisonment for the methamphetamine convictions and concurrent 120-month sentences for the firearm convictions.

In United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), we held that Apprendi is not retroactively applicable to an initial 28 U.S.C. § 2255 motion. Dickey's Apprendi argument is thus foreclosed by Brown.

Dickey's challenge to the dismissal of his 28 U.S.C. § 2255 motion as time-barred, argued for the first time in his reply brief, is not considered. Glover v. Hargett, 56 F.3d 682, 685 n.4 (5th Cir. 1995). Accordingly, the judgment of the district court is AFFIRMED.