United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-30046
SUMMARY CALENDAR

————————————————

LEO PINEYRO

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

—————————————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans Division
(02-CV-626-H)

—————————————————————————————————————————

Before REYNALDO G. GARZA, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

    Leo Pineyro, Louisiana state prisoner #167266, appeals the dismissal of his petition for

habeas corpus relief, which stems from his conviction for second-degree murder. For the

following reasons, we affirm the district court's decision to deny relief.

    The district court determined that the relief sought by Pineyro is procedurally barred. As a

basis for its ruling, the district court pointed to a series of state court decisions which held that

—————————————

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

Pineyro's application for post-conviction relief had not been filed within the three-year limitations period of former LA. CODE CRIM. PROC. ANN. art. 930.8 (West 1997). According to Pineyro, the district court's reliance on the doctrine of procedural default amounted to an abuse of discretion because the various state courts reviewing his case misapplied Article 930.8. Despite his assertions, Pineyro has failed to show that the district court's ruling was erroneous. *See Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997). *Glover*, which is the law of this circuit and is dispositive of many of the issues raised in this appeal, is never even mentioned by the petitioner. That case clearly establishes that Article 903.8 provides an independent and adequate state ground for rejecting a petition for post-conviction relief. *Id.* at 902.

Pineyro contends that federal habeas relief should not be barred because the state court of appeals mislead him, so that he believed he had three years after his sentence became final to apply for post-conviction relief. Pineyro's argument lacks merit because the three-year period had expired long before the appellate court rendered its opinion.

Alternatively, Pineyro argues that relief should not be barred because he established cause for the default and that prejudice resulted. He asserts that the cause consisted of his counsel having been ineffective by failing to learn of a fact which could have been used to impeach a state witness. As the district court held, however, Pineyro knew the relevant facts when the witness testified at his trial. He is not entitled to relief because there was no external factor which prevented him from developing the factual basis for his claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Glover*, 128 F.3d at 904.

Pineyro also contends he is entitled to habeas relief because: (1) he was denied due process and equal protection in the selection of his grand jury foreman; (2) the evidence was

insufficient; and (3) he received ineffective assistance of counsel. These three claims are not properly before this court because they are not included in the district court's certificate of appealability and Pineyro has not requested such a certificate from this court. *See* 28 U.S.C. § 2253(c); *Whitehead v. Johnson*, 157 F.3d 384, 386-88 (5th Cir. 1988).

AFFIRMED.