**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2011

Lyle W. Cayce
Clerk

No. 10-30628
Summary Calendar

REGINALD WILLIAMS,

Petitioner-Appellant

v.

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1889

Before JONES, Chief Judge and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Reginald Williams, Louisiana prisoner # 94495, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his conviction for second-degree kidnapping. The district court granted a certificate of appealability on the issue whether Williams's claim that the state appeals court violated his due process rights by affirming his conviction under a different subsection of the kidnapping statute than that alleged in the bill of information was procedurally barred. Williams does not identify any error in the district court's dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30628

his claim as procedurally barred. Accordingly, he has waived the issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even if he did not waive the issue, he has not shown that the district court erred in dismissing his claim as procedurally barred. The state district court dismissed his state habeas application raising the claim as untimely; the state appeals court and the Louisiana Supreme Court denied his writ applications, citing LA. CODE CRIM. P. arts. 930.8 and 930.4(A). This court has recognized a dismissal as untimely under Article 930.8 as an independent and adequate state procedural bar. *See Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). Williams did not show cause for his failure to raise the claim or prejudice. *See United States v. Smith*, 216 F.3d 521, 524 (5th Cir. 2000). Williams has also failed to show that a miscarriage of justice as he had not made a persuasive showing that as a factual matter he did not commit the second degree kidnapping crime for which he was convicted. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Therefore, Williams has not shown that the district court erred in dismissing his claim as procedurally barred. *See Parr v. Quarterman,* 472 F.3d 245, 253 (5th Cir. 2006).

**AFFIRMED.**