34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Russell HAMILTON, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-56574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Donald Russell Hamilton appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. The district court dismissed Hamilton's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253, and review for an abuse of discretion. Sanders v. United States, 373 U.S. 1, 18-19 (1963); Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). We affirm.
 
 
 3
 A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in his first petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the burden of pleading abuse of the writ. Id. at 494. The state may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). A petitioner who cannot show cause may nonetheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. McCleskey, 499 U.S. at 494; Harris, 949 F.2d at 1511-12.[1]
 
 
 4
 Hamilton filed his first federal petition for writ of habeas corpus on 15 September 1988. That petition alleged that: (1) Hamilton's Fifth Amendment right against self incrimination was violated when two psychiatrists obtained statements from him without giving him a Miranda[2] admonition and testified to his statements at trial; (2) Hamilton's Fifth Amendment right against self incrimination was violated when a police officer recorded his statements without giving him a clear Miranda admonition and played the recording at trial; (3) the trial court's pretrial order for Hamilton to be examined for corrective lenses was not followed; and (4) Hamilton was improperly identified at trial. The district court addressed the merits of Hamilton's claims and dismissed his claims as "wholly frivolous" on 24 May 1989.
 
 
 5
 Hamilton filed his third federal petition for writ of habeas corpus on 11 December 1991.[3] That petition alleged that: (1) Hamilton received ineffective assistance of trial counsel; (2) Hamilton received ineffective assistance of appellate counsel; (3) the trial court erred in refusing to give a requested jury instruction on implied malice; and (4) Hamilton was denied his Sixth Amendment right to confront witnesses.
 
 
 6
 The respondents pleaded abuse of the writ in the answer to the instant petition. The respondents met their burden by alleging abuse of the writ, stating that the claims raised in this petition were not raised in Hamilton's first federal petition, and noting Hamilton's writ history. McCleskey, 499 U.S. at 494; Harris, 949 F.2d at 1511.
 
 
 7
 Hamilton argues that he could not have raised these claims in his first habeas petition because he did not have a complete set of transcripts until August 1992. Assuming that this is true, we conclude that this is not sufficient cause for his failure to litigate all of his claims in one federal habeas petition. Hamilton filed the instant petition on 11 December 1991, some eight months before he alleges he received the transcripts. Moreover, he was able to file and litigate his first federal habeas petition in 1988 and 1989, a number of years before he alleges he received the transcripts. Therefore, Hamilton has not demonstrated that some objective factor external to his efforts prevented him from raising all of his claims in his first habeas petition. See McCleskey, 499 U.S. at 493-94; Campbell, 997 F.2d at 521. As Hamilton lacks cause for failing to raised his claims in his first federal petition, we need not consider whether he would be prejudiced by his inability to raised these claims. See McCleskey, 499 U.S. at 494.
 
 
 8
 We do, however, address whether Hamilton has shown that if his claims were not heard on their merits, a fundamental miscarriage justice would occur, "such as where 'a constitutional violation probably caused the conviction of one innocent of the crime.' " Harris, 949 F.2d at 1511 (quoting McCleskey, 499 U.S. at 494). Upon review of the record, we conclude that Hamilton has not demonstrated that the alleged errors caused the conviction of an innocent person; therefore, he has not met this very narrow exception.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Thus, Hamilton's motion for appointment of counsel and oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This standard for abuse of the writ, announced in McCleskey does not create a new rule of law. Harris, 949 F.2d at 1512. Accordingly, the cause and prejudice standard may be applied to cases which were pending when the rule was announced. Id.; Teague v. Lane, 489 U.S. 288, 310 (1989)
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [3]
 Hamilton filed his second federal petition for writ of habeas corpus on 14 May 1991. On 30 October 1991, pursuant to Hamilton's request, the district court dismissed the petition without prejudice pending the exhaustion of state court remedies. Because the dismissal of this petition was not a determination on the merits, this petition is not considered in our analysis
 
 
 [4]
 Hamilton's motions to file a late reply brief and correct errors in reply brief are granted