46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles ELLIS, Petitioner-Appellant,
v.
George WELBORN, Warden, and Roland W. Burris, Attorney
General of Illinois, Respondents-Appellees.
 No. 93-2398.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.*
Decided Dec. 22, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Charles Ellis was convicted by an Illinois court of attempted murder, armed robbery, armed violence, and aggravated battery and sentenced to 45 years of imprisonment. In 1982, the Illinois Appellate Court affirmed his conviction. In 1983, Ellis filed his first motion for post-conviction relief under 28 U.S.C. Sec. 2254 in federal court, which the district court dismissed on the merits. The 1983 petition alleged a number of errors including the improper exclusion of black jurors from his petit jury and ineffectiveness of counsel. In 1992, after exhausting state post-conviction remedies, Ellis filed his second 2254 petition. In this petition, Ellis once again argued that the racial make-up of his jury was improper. He also included an allegation that the state's attorney's office was involved in a conspiracy to keep blacks off of his jury and that his counsel on direct appeal provided ineffective assistance by not raising this claim. The district court dismissed Ellis' petition as an abuse of the writ.
 
 I. Jurisdiction
 
 2
 The government argues that we have no jurisdiction to hear Ellis' appeal because he filed a premature notice of appeal. The district court dismissed Ellis' 2254 petition on November 12, 1992. Ellis then filed a motion for reconsideration, which the district court denied on April 23, 1993. Ellis, however, did not receive notice of this decision. On May 11, Ellis submitted a motion requesting the district court to enter a "final and appealable order" on his motion for reconsideration. Simultaneously, Ellis submitted a notice of appeal. On May 14, the district court granted Ellis' request and re-entered the order denying the motion for reconsideration.
 
 
 3
 The government contends that Ellis' May 11 notice of appeal was premature, as the district court did not enter a final and appealable order until May 14. Under 28 U.S.C. Sec. 1291, litigants may appeal "final decisions" of the district courts. A final decision is one that "en[ds] the litigation on the merits." Firstier Mortgage Co. v. Investors Mortgage Co., 498 U.S. 269, 273, 111 S.Ct. 648, 651 (1991), quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34 (1945). The April 23 order denying Ellis' motion for reconsideration signaled the end of the litigation; the May 14 order had no further significance.[1] Thus, Ellis' May 11 notice of appeal was timely.
 
 
 4
 II. Successive Petition and Abuse of the Writ
 
 
 5
 The district court may dismiss a second or successive 2254 petition if, following the dismissal of the initial petition on the merits, the new petition "fails to allege new or different grounds for relief." Rules Governing Sec. 2254 Cases, Rule 9(b). Ellis' claims that the prosecution improperly used peremptory challenges to keep blacks off of the petit jury and that his counsel provided ineffective assistance by failing to object to this activity were raised in his first petition and dismissed as unmeritorious.[2] Thus, the district court correctly dismissed this claim as a successive petition.
 
 
 6
 In addition, we agree with the district court that Ellis' claim that the state's attorney's office conspired to keep blacks off the jury is a successive claim, as it differs little in substance from his claim that the prosecutor improperly used his peremptory challenges. Even if the conspiracy claim constitutes new grounds for relief, however, the district court may still dismiss the petition under Rule 9(b) as an abuse of the writ. The government satisfies its burden of pleading abuse of the writ by "not[ing] petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470 (1991). The government has met this burden here by introducing Ellis' 1983 petition. To overcome the abuse claim, Ellis must "show cause for failing to raise" his claims earlier and "prejudice therefrom." Id. As cause for failing to raise the conspiracy claim, Ellis asserts that he did not have a copy of the trial transcript when he filed his first petition. He does not, however, allege that his failure to obtain a transcript arose from anything other than his own neglect. Thus, as Ellis shows no cause, this claim qualifies as an abuse of the writ.[3]
 
 
 7
 Finally, Ellis' second petition may not constitute abuse of the writ if he can demonstrate a "fundamental miscarriage of justice." McCleskey, 499 U.S. at 495, 111 S.Ct. at 1470. A petitioner meets this standard if he makes a "colorable showing of factual innocence." Id.; Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627 (1986) (plurality opinion). Although Ellis makes passing references to his innocence, he offers no facts or "probative evidence" that would constitute a "colorable showing" of innocence. See Kuhlmann, 477 U.S. at 454, 106 S.Ct. 2627. Thus, Ellis has not demonstrated that the "ends of justice" require consideration of his petition. See id.
 
 III. Conclusion
 
 8
 In conclusion, the district court properly dismissed Ellis' 2254 petition as successive and an abuse of the writ. Thus, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Rather than re-entering the order, perhaps the district court should have mailed Ellis a copy of the April 23 order
 
 
 [2]
 Ellis argues that we should re-evaluate the decision in his first petition in light of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986). However, we will not apply Batson retroactively to cases that were final (i.e., all direct appeals are exhausted or the time for filing them is expired) before the decision in Batson was announced. Allen v. Hardy, 478 U.S. 255, 257-58, 106 S.Ct. 2878, 2879-80 (1986); Richardson v. Gramley, 998 F.2d 463, 464 (7th Cir.1993), cert. denied, 114 S.Ct. 1072 (1994). Ellis' appeal was final in 1982; thus, Batson does not apply to his case
 
 
 [3]
 Moreover, given that Batson does not apply retroactively, Ellis would have difficulty demonstrating prejudice even if he had cause for not raising the conspiracy claim earlier