United States Court of Appeals,

Fifth Circuit.

No. 95-40244

Summary Calendar.

Willie Lee McCOWIN, Plaintiff-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division, Defendant-Appellee.

Oct. 23, 1995.

Appeal from the United States District Court for the Eastern
District of Texas.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge.

Willie McCowin appeals the dismissal of his second application
for a writ of habeas corpus on the grounds of abuse of the writ.
*See* 28 U.S.C. § 2254; Rule 9(b), Rules Governing § 2254 Cases. We
affirm.

After a Texas appellate court affirmed his conviction for
burglary of a habitation, McCowin petitioned for state habeas
relief. Reviewing several affidavits from McCowin's trial counsel
and other witnesses, a Texas trial court made findings of fact and
conclusions of law, pursuant to which the Texas Court of Criminal
Appeals denied McCowin's petition. McCowin then sought federal
habeas corpus under section 2254, raising claims of sufficiency of
the evidence and ineffective assistance of counsel. The district
court denied the petition, and this court affirmed.

Undeterred, McCowin invoked section 2254 a second time, again

1

raising ineffective assistance of counsel along with a hearsay argument. The court below dismissed this second petition as an abuse of the writ, and McCowin appealed. Reviewing the dismissal for abuse of discretion, *see Hudson v. Whitley,* 979 F.2d 1058, 1062 (5th Cir.1992), we agree that McCowin showed no cause for his failure to raise his new claims in his first federal petition.[1] We therefore do not reach the merits of McCowin's claims.

To avoid dismissal on abuse of the writ grounds, McCowin must meet the cause and prejudice standard originally articulated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). McCowin presents three reasons for his failure to raise certain of his claims in his first petition: that he is proceeding pro se, that the state habeas court did not hold a hearing, and that he lacked a transcript of his state court proceedings. We find each reason unconvincing.

We agree with the district court that McCowin's first two arguments fail to establish cause. By itself, the fact that a prisoner proceeds pro se is not cause in this circuit. *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992). We find nothing unusual in this case to enhance the importance of McCowin's pro se status. Nor does the form of the Texas habeas court's proceeding establish cause. Infirmities in state habeas corpus proceedings do not constitute grounds for federal relief, *Duff-Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113

---

[1]We also agree with the district court that McCowin has provided no reason for us to reconsider those claims in his current petition identical to those raised in his first.

S.Ct. 1958, 123 L.Ed.2d 661 (1993), nor could they have any relationship to a prisoner's ability to present all of his claims in a single federal habeas petition.

We also find meritless McCowin's argument regarding his lack of access to a transcript of his state proceedings. We recall that the "[a]buse-of-the-writ doctrine examines [the] *petitioner's* conduct: The question is whether [the] petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey v. Zant,* 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991) (citation omitted, emphasis in original). " "[C]ause' under the cause and prejudice standard must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (alteration added, emphasis in original); *see also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

Applying this definition to the case at hand, we follow the Eleventh Circuit's decision in *McCoy v. Newsome,* 953 F.2d 1252, 1260 (11th Cir.), *cert. denied,* 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992).[2] We hold that a prisoner's lack of access to a transcript cannot constitute cause under Rule 9(b) unless the

---

[2]We note also that other circuits have reached identical conclusions in unpublished opinions. *See Ellis v. Welborn,* No. 93-2398, 1994 WL 712618, at *2, 1994 U.S.App. LEXIS 36236, at **5-6 (7th Cir. Dec. 21, 1994); *Hamilton v. Bunnell,* No. 93-56574, 1994 WL 465836, at *1-2, 1994 U.S.App. LEXIS 23760, at **5-6 (9th Cir. August 29, 1994).

prisoner shows that the state refused his request for a transcript or that such a request would have been useless because the state routinely denies transcripts to prisoners. In addition, we hold that a state's denial of a transcript will not constitute cause if the prisoner has not allowed the state a reasonable amount of time to respond to his request before filing his first petition. Unless the state has refused a prisoner's request for a transcript made a reasonable amount of time before the applicant's petition, lack of access to a transcript cannot constitute a factor external to the prisoner and not fairly attributable to him.

We imply no view whatsoever on the question of whether a state's denial of a transcript to a prisoner after a prisoner's request does constitute cause for Rule 9(b) purposes. We note that several circuits have decided this question against the petitioner in unpublished opinions. *Mitchell v. Ahitow,* No. 93-2187, 1994 WL 323211, at *1, 1994 U.S.App. LEXIS 16805, at *2 (7th Cir. July 5, 1994); *United States v. Evans,* No. 93-2555, 1993 WL 503252, at *1-2, 1993 U.S.App. LEXIS 31915, at **4-5 (8th Cir. Dec. 9, 1993); *McCoy v. Newsome,* 953 F.2d 1252, 1259 (11th Cir.), *cert. denied,* 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). Following the common law tradition of refusing to decide a case on broad principles when narrow grounds are available, we decide only that a prisoner's lack of access to a transcript cannot excuse successive petitions if the prisoner did not request a transcript a reasonable amount of time before filing his first petition.

In this case, McCowin's attorney did request a transcript to

4

prepare his direct appeal.  We presume that the state complied with this request from the fact that McCowin's state appellate brief includes citations to the record.  McCowin does not explain why this transcript was unavailable to him, nor does he claim that he requested his own transcript from the state before filing his initial federal habeas petition.  McCowin has abused the Great Writ.

AFFIRMED.