107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3092.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. For the following reasons, we affirm the denial of the § 2255 motion.
 
 I.
 
 2
 On June 20, 1988, and November 17, 1988, Petitioner Leon Lewis was arrested in the Dayton International Airport and the Los Angeles International Airport, respectively. On the first date he carried cash in the amount of $19,600.00, and on the second date he carried cash in the amount of $17,901.00. Lewis told police officers on both occasions that the money at issue was proceeds from ticket sales, which he was carrying to deposit in his California-based company. The police officers confiscated the money found on both occasions. The Drug Enforcement Agency ("DEA") instituted civil forfeiture proceedings against the currency seized in Dayton and Lewis's attempts to have the forfeiture remitted or mitigated were unsuccessful. A civil forfeiture proceeding against the currency seized in Los Angeles is currently pending.
 
 
 3
 In 1989, Lewis was arrested and charged with numerous drug-trafficking offenses. Lewis, represented by counsel, pled not guilty to the charges and proceeded to trial. Lewis was found guilty on all charges and sentenced to 293 months imprisonment and 5 years supervised release. Lewis appealed his conviction to this court raising two contentions of error. First, Lewis argued that the district court erred in denying his motion for a new trial because of newly discovered evidence. Second, Lewis argued that the district court erred in admitting evidence of a prior arrest and seizure of his money in the Dayton airport. This court affirmed his conviction and sentence in an unpublished opinion. United States v. Lewis, No. 90-3064 (6th Cir. March 29, 1991).
 
 
 4
 Following his imprisonment, Lewis filed a pro se motion to vacate sentence, pursuant to 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. In an opinion and order dated December 15, 1992, the district court denied the motion as procedurally barred, finding that the motion was based on issues that had been decided in the direct appeal, or in the alternative, as without merit. Lewis then filed a motion for relief from judgment raising the same claims that were addressed in his direct appeal and first § 2255 motion. The district court denied the motion for relief from judgment on March 2, 1993. On February 23, 1995, Lewis, represented by counsel, filed this second motion to vacate sentence, which is the subject of this appeal. He claimed violations of the Double Jeopardy Clause, ineffective assistance of counsel, and sentencing errors. The district court denied the motion and this appeal follows.
 
 II.
 
 5
 In this appeal we face three issues: whether the district court erred in determining that Lewis's double jeopardy claim was without merit; whether the district court erred in determining that Lewis's ineffective assistance of counsel claim was procedurally barred; and whether the district court erred in determining that Lewis had waived adjudication on the merits of issues involving his sentence.
 
 A.
 
 6
 We review a district court's grant or denial of a § 2255 motion de novo. Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993) (per curiam). To prevail under § 2255, "[Petitioner] must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam) (quoting Hill v. United States, 368 U.S. 424, 428 (1968)).
 
 
 7
 On appeal, Lewis argues that the district court erred in determining that his double jeopardy claim was without merit. Lewis maintains that the civil forfeiture proceedings against him and subsequent criminal prosecution constituted double jeopardy. He contends that his criminal conviction should be vacated because jeopardy attached in his civil forfeiture proceedings and therefore his criminal conviction violates the Double Jeopardy Clause. The Double Jeopardy Clause prohibits "successive punishments and ... successive prosecutions." United States v. Dixon, 509 U.S. 688, 696 (1993) (citing North Carolina v. Pearce, 395 U.S. 711 (1969)). However, civil forfeitures are not punishment within the meaning of the Double Jeopardy Clause. In United States v. Ursery, 116 S.Ct. 2135 (1996), the Supreme Court held that in rem civil forfeitures are not considered punishment for the purposes of the Double Jeopardy Clause. Id. at 2147-48. Because civil forfeitures are not punishment, a parallel criminal prosecution does not constitute double jeopardy. Lewis's criminal conviction is not violative of the Double Jeopardy Clause. His argument on this issue must fail.
 
 B.
 
 8
 Lewis's second argument is that the district court erred in dismissing his ineffective assistance of counsel claim. Lewis contends that he received ineffective assistance of counsel during his trial because his attorney failed to interview and call witnesses. Further, he argues that he received ineffective assistance of counsel during his sentencing hearing because his attorney failed to identify and object to inaccurate facts in Lewis's Presentence Investigation ("PSI") Report. The district court concluded that Lewis's failure to raise his ineffective assistance of counsel claim in his first § 2255 motion constituted an abuse of the writ of habeas corpus and therefore this claim was procedurally barred. Lewis argues that his pro se status when filing the first § 2255 motion should excuse his failure to raise his ineffective assistance of counsel claim at that time.
 
 
 9
 The government bears the burden of pleading abuse of the writ. McClesky v. Zant, 499 U.S. 467, 477 (1991). The government satisfies this burden by clearly noting the petitioner's prior writ history, listing claims appearing for the first time, and alleging abuse of the writ. Id. at 494. Once the government has met this burden, the petitioner must then show that he has not abused the writ. Id. Dismissal of the successive petition is warranted, unless the petitioner can show cause and actual prejudice for his failure to raise the claim in the previous petition. Id. If cause and prejudice cannot be demonstrated, failure to raise the claim in the previous petition may be excused if the court's determination not to adjudicate the claim would bring about a fundamental miscarriage of justice. Id. at 494-95.
 
 
 10
 Pro se litigants are not excused from the cause and prejudice standard discussed above. See Haley v. United States, 78 F.3d 282, 285 (7th Cir.1996) (per curiam); McCowin v. Scott, 67 F.3d 100, 102 (5th Cir.1995); George v. Perrill, 62 F.3d 333, 335 (10th Cir.1995). A habeas petitioner is required to show cause and prejudice when pleading a new issue in a subsequent habeas petition when that issue could have been raised in the first writ. Pro se status when filing the previous writ does not entitle a pro se litigant to a more liberal standard that excuses the failure to plead issues that could have been raised in the earlier petition.
 
 
 11
 The district court was correct in applying the cause and prejudice requirements to Lewis's habeas petition. The government met its burden of pleading abuse of the writ, and Lewis failed to identify cause and prejudice which prevented him from raising his ineffective assistance of counsel claim in his first § 2255 motion. Lewis also failed to demonstrate that a fundamental miscarriage of justice would arise if the merits of his ineffective assistance of counsel claim were not adjudicated. The district court properly concluded that Lewis's ineffective assistance of counsel claim was procedurally barred.
 
 C.
 
 12
 Lewis's third argument is that the district court erred in determining that adjudication on the merits, of issues regarding his sentence, were waived because he failed to present them on direct appeal. Lewis argues that his sentence should be vacated because the trial court: 1) used inaccurate information concerning the amount of narcotics attributable to Lewis; 2) failed to ensure that Lewis reviewed the PSI report; and 3) granted sentence enhancements for his role in the offense and failure to accept responsibility. Lewis's conviction was affirmed by this court in an unpublished decision. United States v. Lewis, No. 90-3064 (6th Cir. March 29, 1991). Any issues regarding his sentence should have been raised on this direct appeal. Because Lewis failed to raise these issues in his direct appeal to this court, they are deemed waived. See Boyd v. Ford Motor Company, 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). "[I]ssues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.' " United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994) (citations omitted). These limited circumstances are not present in the instant case.
 
 
 13
 Lewis argues that a fundamental miscarriage of justice would occur if the merits of the alleged sentencing errors were not adjudicated because he is actually innocent of the conduct on which his sentence was based. Lewis's conviction, however, was affirmed on direct appeal and he does not attempt to introduce new evidence which supports his claims of innocence. Lewis was found guilty and this finding was affirmed by this court. Lewis's claim of actual innocence, without the production of newly discovered evidence or other factors not present or available either during his trial or direct appeal, is without merit.
 
 III.
 
 14
 Based on the foregoing, we AFFIRM the decision of the district court denying Lewis's motion to vacate sentence.