IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30248
_____

MARCUS ARDISON,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
- - - - - - - - - -
June 18, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and DUPLANTIER[*], District Judge.

PER CURIAM:[**]

Marcus Ardison was initially indicted on the charge of second degree murder of Herman Jackson in Louisiana state court. In 1992, Ardison pleaded guilty to attempted second degree murder in Louisiana state court. Pursuant to an agreement with the state, the charge was reduced to attempted second degree murder even though the victim was killed by the gunshots. He was

[*]  District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to forty years of imprisonment. Prior to the plea, Ardison had faced a mandatory term of life imprisonment. His codefendant, Patricia Reed, also pleaded guilty in connection with the murder.

Ardison pleaded guilty under North Carolina v. Alford, 400 U.S. 25, 37 (1970), which instructs that a state trial court may accept a plea of guilty "containing a protestation of innocence when . . . a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." "[W]hen a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis." Willett v. Georgia, 608 F.2d 538, 540 (5th Cir. 1979).

In the case at bar, the factual basis for the guilty plea provided as follows:

> Herman Jackson had been shot nine times. [T]he ballistics show that he was shot with a .380 Davis automatic and a .38 caliber gun. [On] September 28, 1991, Marcus Ardison was arrested in Shreveport, driving a Chevrolet S-10 pickup that belonged to Edward Salone that Herman Jackson, III, had borrowed . . . the previous Sunday, but had not returned. At the time he was arrested, there were two people in the cab of that truck. Marcus Ardison and Patricia Reed. Under the passenger seat there was found a .380 Davis automatic and .38 caliber pistol. Ballistics show that these guns were the guns used to kill Herman Jackson, III. The Davis .380 automatic was bought at Max's Pawn Shop on September 18, 1991, approximately seven days before Herman Jackson was killed. It was purchased by a Robert Alexander. The gun was given on that day to Marcus Ardison. Marcus Ardison had the gun from that time forward. On that same date Patricia Reed purchased a box of .380 bullets, in Shreveport at American #2 Pawn Shop for Marcus Ardison. Marcus Ardison paid for those bullets. She bought them because she had an identification [apparently a driver's license]. We have several witnesses that can put Marcus Ardison in possession of that gun, from the time he got it through the time it was recovered from the truck that he was operating. Also, the other individual in this case would testify that she was with Marcus Ardison when this incident occurred . . . [and that] Marcus Ardison did, in fact, shoot and kill Herman Jackson, III. The evidence will show that this barn where this occurred is almost unobservable from Highway 1. Marcus Ardison was familiar with this area [in] that he was originally raised in Red River Parish and he lived with a lady who lived right across Highway 1 from where the barn was located.

2

Pursuant to his agreement with the state, Ardison was sentenced to 40 years in prison. He did not file a direct appeal.

In June 1994, Ardison filed a pro se state postconviction application, arguing that (1) his attorney performed ineffectively by failing to file a direct appeal on his behalf and (2) his guilty plea was involuntary and invalid because there was not a substantial factual basis supporting the specific-intent element of the attempted-murder offense. In August 1994, the state trial court denied the application on the merits. In July 1995, the trial court denied Ardison's motion to reconsider. Ardison did not appeal the denial at that time.

In 1995, Ardison filed a second postconviction application in which he again challenged the voluntariness of his guilty plea. Instead of arguing that there was no factual basis for his Alford plea, however, Ardison contended that the district court had violated his rights by failing to inform him that specific intent was an element of the crime of attempted second degree murder. In response, the district attorney, citing article 930.4(D) and (E), argued that the habeas petition was successive. The trial court agreed and denied relief, finding the petition "complete[ly] successive." In January 1997, the Louisiana appellate court also denied relief on a procedural ground, concluding that review was not warranted with respect to either the 1994 or the 1995 application. The Louisiana Supreme Court denied the writ without comment. Based on these holdings, the district court held that the claim was procedurally barred.

In October 1998, Ardison submitted the instant federal habeas petition. Ardison contended that: (1) his guilty plea was involuntarily entered both because the trial court failed to inform him of the essential elements of the crime and because the factual basis presented did not support the element of specific intent; and (2) counsel performed ineffectively by failing to ascertain that the plea was

3

entered voluntarily.

After the state responded and Ardison filed a traverse, the magistrate judge issued a report recommending that the petition be denied. Finding that Ardison's first state postconviction application "raised claims that are not the claims now before this court" and that Ardison's second such application was denied as successive, the magistrate judge sua sponte concluded that Ardison's claims were procedurally barred. The magistrate judge also concluded that Ardison's claims were meritless. The district court denied Ardison's petition for the reasons stated in the magistrate judge's report. Ardison timely filed a notice of appeal. He also moved for a COA. The district court denied Ardison's COA motion, concluding that Ardison had "failed to demonstrate a substantial showing of the denial of a constitutional right."

On September 21, 2000, this Court granted in part and denied in part Ardison's COA application. This Court granted Ardison a COA as to the district court's conclusion that his claims were procedurally defaulted and as to his substantive claim that his guilty plea was involuntary because the trial court failed to inform him that specific intent was an element of the offense of attempted second degree murder. We denied Ardison a COA as to his ineffective-assistance claim.

### STANDARD OF REVIEW

Although this petition was filed after the effective date of AEDPA, the deferential standard in AEDPA is inapplicable because the claims now before us were not adjudicated on the merits in Louisiana state court. Review is de novo when there has been no clear adjudication on the merits. *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir.1997).

### PROCEDURAL BAR

Ardison contends that the district court erred in concluding that his involuntary-guilty-plea

4

claim was procedurally defaulted. This court reviews the district court's dismissal of a habeas petition on state procedural grounds <u>de novo</u> and its findings of fact for clear error. <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997). "[A] federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default <u>sua sponte</u> and then apply that default as a bar to further litigation of petitioner's claims." <u>Magouirk v. Phillips</u>, 144 F.3d 348, 358 (5th Cir. 1998).

The procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801, 803 (1991). When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). The procedural-default doctrine presumes that a state procedural ground is "adequate and independent," and the burden is on the habeas petitioner to demonstrate otherwise. <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999). Adequacy requires that the rule be "strictly or regularly followed by the cognizant state court." <u>Amos v. Scott</u>, 61 F.3d 333, 339 (5th Cir. 1995). "The Supreme Court has further defined this concept of adequacy . . . to include a state procedural ground that is strictly or regularly applied *evenhandedly to the vast majority of similar claims*." <u>Id</u>. (citation and footnote omitted) (emphasis in original). A state bar is not "independent" unless it is separate from the merits of a claim. <u>Stokes v. Anderson</u>, 123 F.3d 858, 860 (5th Cir. 1997).

Under Louisiana law, a successive application may be dismissed if it fails to raise a new or different claim, or if it raises a new or different claim that was inexcusably omitted from a prior application. <u>See</u> La. Code Crim. P. art. 930.4(D) & (E). As previously set forth, during the state

5

habeas proceeding in which the instant claims were raised, the district attorney, citing article 930.4(D) and (E), argued that the habeas petition was successive. The trial court agreed and denied relief, finding the petition "complete[ly] successive." The state appellate court also denied relief on a procedural ground. The Louisiana Supreme Court denied the writ without comment. Based on these holdings, the district court held that the claim was procedurally barred.

It is undisputed that the state courts did not reach the merits of Ardison's claims. Instead, relief was denied based on state procedural rules. We will now address Ardison's challenges to the district court's finding that his claim is procedurally barred.

Ardison argues that the Louisiana successive-application rule upon which the claim was deemed barred, LA. CODE CRIM. P. 930.4, was neither "adequate" or strictly and regularly applied because the rule does not place an "absolute numerosity limitation" on the filing of successive applications and does not *require* a Louisiana court to dismiss a successive application. Although the Louisiana Code of Criminal Procedure expressly grants the courts discretion to determine whether to consider the merits of a claim, that does not render the bar inadequate. See Amos, 61 F.3d at 342 (explaining that "we do not regard an occasional act of grace by the Texas court in entertaining the merits of a claim that might have been viewed as waived by procedural default to constitute such a failure to strictly or regularly follow the state's . . . rule as permits us to disregard that rule generally or where the state court has not done so."); accord Wood v. Hall, 130 F.3d 373, 378 (9th Cir. 1997).

Ardison further contends that, even if this court concludes that the rule was adequate and independent, he can make a showing of cause and prejudice to excuse the procedural default. As for "cause," he suggests that he could not have raised the claim about the trial court's failure to inform

him of the specific-intent element because he did not have a copy of his guilty-plea transcript until August 1994, after he filed his first state application. Ardison maintains that he can demonstrate "'prejudice' as a result of the involuntary plea." Ardison also argues that he can overcome any procedural default because failure to review his claims would result in a "fundamental miscarriage of justice," because "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt in light of all the evidence."

Ardison's claims of cause and prejudice and of a fundamental miscarriage of justice are meritless. The existence of "cause" for a procedural default turns on whether the petitioner can show that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). These factors include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel in the constitutional sense. Id.; United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

As noted above, Ardison cites his failure to procure a copy of his guilty-plea transcript as cause for his failure to raise the second of his involuntary-guilty-plea claims in his first state postconviction actions. Although he suggests that it was in fact his own ignorance of the law that prevented him from properly raising the claim, he also acknowledges that illiteracy or lack of legal knowledge is not "cause." "[A] prisoner's lack of access to a transcript cannot constitute cause . . . unless the prisoner shows that the state refused his request for a transcript or that such a request would have been useless because the state routinely denies transcripts to prisoners." McCowin v.

7

<u>Scott</u>, 67 F.3d 100, 102 (5th Cir. 1995). Because Ardison has made no such showing, his "cause" contention is meritless.

To show a fundamental miscarriage of justice, a habeas petitioner must show that the alleged constitutional violation caused the conviction of one who was actually innocent. <u>Ward v. Cain</u>, 53 F.3d 106, 108 (5th Cir. 1995). Ardison has not made such a showing. The evidence offered at his plea hearing was more than sufficient to show that he was the person (or at least one of the two persons) who shot and killed Herman Jackson.

In support of his claim of innocence, Ardison has attached to his brief a document that appears to be a transcript of a police interrogation of his codefendant, Patricia Reed, in which she admits shooting the victim. Reed pleaded guilty to committing criminal conspiracy to commit the instant second degree murder and was sentenced to 30 years. Her confession does not conflict with the factual basis for the crime because two different type of guns were used to kill the victim.[1] Further, the record contains another transcript of Reed admitting that both she and Ardison shot the victim. Ardison has failed to show that he was actually innocent.

Accordingly, because Ardison has shown neither cause and prejudice nor a fundamental miscarriage of justice, the district court properly found the claim procedurally barred.

For the above reasons, we AFFIRM the judgment of the district court.

---

[1] It should be noted that while Reed admitted shooting the victim, she never claimed that Ardison did not shoot the victim.