**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leon Curtis LEWIS, Defendant–
Appellant.**

**No. 00–3682.**

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

The defendant, Leon Lewis, was convicted by a jury of 11 federal narcotics offenses and was sentenced to an effective prison term of 293 months. He later filed a motion to correct his sentence, which was granted by the district court. On appeal, he now asserts that the court erred in merely amending the judgment and commitment order, rather than conducting a new sentencing hearing. We disagree, and we therefore affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 1990, a jury convicted Lewis of each of the following counts of an 11–count indictment returned against him:

Count 1: conspiracy to distribute and conspiracy to possess with intent to distribute cocaine between 1986 and July 26, 1989;

Count 2: maintaining a house to store and distribute cocaine and crack cocaine from October 4, 1986 through the summer of 1987;

Count 3: maintaining a house to store and distribute cocaine from June 5, 1987 through August 1988;

Count 4: traveling in interstate commerce to carry on an unlawful narcotics business on July 7, 1987;

Count 5: distribution and possession with intent to distribute cocaine on July 11, 1987;

Count 6: distribution of cocaine in September or October 1987;

Count 7: conducting a financial transaction using the proceeds of the sale of cocaine on October 20, 1987;

Count 8: distribution of cocaine on October 20, 1987;

Count 9: maintaining a house to store and distribute crack cocaine in January 1988;

Count 10: distribution of cocaine on August 21, 1988; and

Count 11: attempt to possess with intent to distribute cocaine on July 26, 1989.

After a sentencing hearing, the district judge, pursuant to the Sentencing Reform Act of 1984, ordered that Lewis serve 293 months in prison on counts 1, 6, 8, 10, and 11, as well as 240 months on counts 2, 3, 5, 7, and 9, and 60 months on count 4. All 11 sentences were ordered to be served con-

currently with each other, yielding an effective sentence of 293 months.

Following unsuccessful direct appeals and unsuccessful challenges to his conviction and sentence pursuant to 28 U.S.C. § 2255, Lewis filed a motion to correct his sentence in the district court. *See* Fed. R.Crim.P. 35. In that motion, the defendant contended that the district court had improperly sentenced him in accordance with the sentencing guidelines that went into effect on November 1, 1987, even though some of the crimes for which Lewis was convicted were completed prior to that date. Consequently, claimed Lewis, he was improperly denied parole eligibility on those pre-guideline crimes.

The district court agreed with the defendant and modified Lewis's sentence on Counts 2, 3, 4, 5, 6, 7, and 8 to allow for the possibility of parole.[1] Because of the concurrent nature of the sentences, however, the court's ruling did not affect the overall length of the defendant's prison term. The district court thus denied Lewis's request for a new sentencing hearing on other aspects of the punishment previously imposed. From that determination, the defendant now appeals.

## DISCUSSION

Presently, Fed.R.Crim.P. 35 allows for the correction or reduction of a criminal defendant's sentence only in three circumscribed instances: (1) upon remand of a case to the district court after appeal; (2) upon motion of the government filed within one year of the imposition of sentence to reward the defendant for providing substantial assistance in the investigation of another individual; or (3) within seven days of the imposition of sentence to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." In cases involving offenses committed prior to November 1, 1987, however, the prior version of Rule 35 applies. According to the provisions of that earlier rule, a district court is empowered to "correct an illegal sentence at any time."

Obviously, Lewis's Rule 35 motion in this case did not comport with any of the eligibility criteria of the present-day rule. The defendant was not seeking a sentence correction upon remand from this court, the government had not moved for a substantial assistance reduction within one year of sentence imposition, and the motion was made by the defendant years after imposition of the original sentence, not within the seven-day period envisioned by the rule. Hence, the motion could address only those offenses of conviction committed, in their entirety, prior to the November 1, 1987, effective date of the sentencing guidelines and of the "new" Rule 35.

In addressing Lewis's contention that the sentence imposed upon him was improper, the district court in this matter recognized that fact and concluded:

> Defendant would have been entitled to a possibility of parole for counts 2, 3, 4, 5, 6, 7, and 8 if he had been sentenced under the pre-guideline standards used for offenses committed prior to the effective date of the Sentencing Reform Act of 1984. However, because he was sentenced pursuant to the Sentencing Reform Act of 1984, he was given no opportunity for parole. The loss of the opportunity for parole makes Defendant's sentence more severe than that prescribed by statute at the time of the

---

**1.** The district court's modification of the sentence meted out for the crime charged in Count 3 was actually improper, because that offense was not a pre-guidelines crime. Rather, the indictment specifically claimed that the offense alleged in that count occurred from June 5, 1987 through August 1988, thus straddling the effective date of the guidelines.

offense, and therefore, Defendant's sentence for counts 2, 3, 4, 5, 6, 7, and 8 constitutes an illegal sentence.

Neither party to this appeal disputes the basis for that finding. Furthermore, neither party contends that the crimes referenced in counts 1, 9, 10, and 11 are parolable offenses, given the fact that those crimes were committed over periods of time that included the date on which the sentencing guidelines (with their prohibition on parole) became effective. *See* United States Sentencing Guidelines Manual Ch. 1, Pt. A, intro. (policy statement). The sole dispute before this court thus involves the defendant's contention that the modification of Lewis's sentences on the pre-guidelines offenses to recognize the possibility of parole mandates a new sentencing hearing to ensure that the remainder of the sentence still fulfills the intent of the district court in its sentencing calculus.

In support of his position, the defendant cites decisions such as the Sixth Circuit opinion in *Pasquarille v. United States,* 130 F.3d 1220 (6th Cir.1997), in which this court noted that an entire, new sentencing hearing was appropriate when a district court's "sentencing package" was "unbundled" to sentence a defendant after vacating a previously-entered improper conviction. Lewis argues that he is likewise entitled to a new sentencing hearing in this matter after the district court's correction of the improper, original sentencing order.

The situations presented in cases like *Pasquarille* and the situation here are distinquishable, however. In the former class of cases, the modifications to the original sentences drastically altered the punishments imposed by invalidating terms of incarceration or otherwise frustrating the intent of the sentencing court in fashioning its punitive-deterrent-rehabilitative response to crime. The alteration to some of Lewis's sentences, on the other hand, in no way affected the ultimate punishment the district judge felt appropriate to sanction the defendant for his criminal transgressions. Prior to the filing of Lewis's Rule 35 motion, the prison term deemed necessary by the district court to meet the various goals of effective criminal sentencing was a period of 293 months (without the possibility of parole). Even after correction of the sentences for crimes completed prior to the effective date of the sentencing guidelines to reflect the fact that those sentences *did* allow for the possibility of parole, the effective sentence imposed upon Lewis remained 293 months (without the possibility of parole), because all of the defendant's sentences were ordered to run concurrently and the longest, non-parolable offenses were properly punished under the sentencing guidelines. Under the unique facts of this case, therefore, the district court was not required to re-examine the "sentencing package," because the original intent and purpose of the sentence first imposed on the defendant was not altered by the sentence modifications.

## CONCLUSION

For the reasons set out above, we hold that a new sentencing hearing was not required in order to correct the defendant's sentence under Rule 35, and we AFFIRM the judgment of the district court incorporating its ruling on the Rule 35 motion.