**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0035n.06
Filed: January 11, 2006

**04-3785**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LEON CURTIS LEWIS, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NELSON, DAUGHTREY, and SUTTON, Circuit Judges.

PER CURIAM. The defendant, Leon Curtis Lewis, was convicted in 1990 of drug-trafficking, including a charge of conspiracy. This appeal represents at least his fourth effort in this court to overturn his conviction and/or sentence. He now claims that the district court erred when it declined to reconsider its previous order dismissing his motion, filed pursuant to Federal Rule of Criminal Procedure 35, to revise the sentence imposed as a result of the conspiracy conviction. The district court initially held that it lacked jurisdiction to consider the merits of the Rule 35 motion and reiterated that ruling on motion to reconsider. The court also denied relief under Rule 32.

The defendant was charged by indictment in August 1989 with 11 counts of narcotic-related offenses. The first of these counts charged the defendant with conspiracy to

distribute and possession with intent to distribute cocaine and cocaine base from 1986 through, and including, July 26, 1989. Counts 2 through 8 concerned conduct that occurred prior to November 1, 1987. Counts 9 through 11 charged conduct that occurred in 1988 and 1989. The defendant was convicted on all counts in January 1990. In June 1990, the district court sentenced the defendant to 293 months on counts 1, 6, 8, 10, and 11; 240 months on counts 2, 3, 5, 7, and 9; and 60 months on count 4. All these sentences were calculated under the United States Sentencing Guidelines, and all of them were to be served concurrently. The defendant appealed his conviction to this court, which affirmed the conviction. *United States v. Lewis*, No. 90-3604, 929 F.2d 702, 1991 WL 43903 (6th Cir. March 29, 1991) ("*Lewis I*").

In January 1992, the defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. In December of the same year, the district court issued an opinion and order denying the motion as procedurally barred, finding that the motion was based on issues that had been decided in the direct appeal, or in the alternative, that were without merit. One month later, the defendant filed a motion for relief from judgment raising the same claims that were addressed in his direct appeal and first § 2255 motion. The district court denied this motion on March 2, 1993. In February 1995, the defendant, represented by counsel, filed a second § 2255 motion to vacate his sentence, claiming violations of the Double Jeopardy Clause, ineffective assistance of counsel, and sentencing errors. The district court denied

the motion in December, and we affirmed on February 4,1997. *See Lewis v. United States*, No. 96-3092, 107 F.3d 11, 1997 WL 49028, at *1 (6th Cir. Feb. 4,1997) ("*Lewis II*").

Then, on October 8, 1998, the defendant filed a motion to modify his sentence pursuant to Federal Rule of Criminal Procedure 35. He argued that sentencing in his case under the United States Sentencing Guidelines was in error because Counts 2-8 were offenses committed prior to November 1, 1987, the effective date of the guidelines. The defendant sought a new sentencing hearing, as well as a hearing to challenge the court's relevant conduct findings on those counts that were properly subject to the guidelines. In April 2000, the district court issued an order granting in part and denying in part the defendant's motion. The judge modified the defendant's sentence to make him eligible for parole on Counts 2-8. The defendant appealed that order, claiming that it was error not to grant a rehearing on other aspects of the original sentence. We affirmed the district court's order and dismissed the defendant's appeal. *United States v. Lewis*, No. 00-3682, 2001 WL 1006280, at *3 (6th Cir. August 24, 2001) (per curiam) ("*Lewis III*").

One month later, the defendant filed a second Rule 35 motion claiming that his sentence on Count 1, conspiracy, should also have been imposed according to the pre-Guidelines regime. In addition, he asserted that his sentence was illegal because the sentencing judge had not complied with Federal Rule of Criminal Procedure 32 by failing to make any notations on the pre-sentence report or indicating that he would not rely on items in the report to which the defendant had objected. In its February 8, 2002, opinion

and order, the district court determined that it did not have jurisdiction to consider the defendant's Rule 35 motion and, therefore, denied it. Specifically, the judge found that the conspiracy count was a "straddling offense" that encompassed overt acts both before and after the effective date of the guidelines and was therefore subject to guideline sentencing. Based on this determination, the court referred to the "new" version of Rule 35, which allows a revision of sentence only if a motion is filed within seven days of sentencing or if certain conditions not present in the defendant's case are met. Because the defendant's motion came more than a decade after his sentencing, the judge was prohibited from granting it.[1] The court did not address the Rule 32 claim.

Over a year later, on February 14, 2003, the defendant filed a motion for reconsideration, raising the same arguments that were in his original motion.[2] On September 29, 2003, the district court denied the motion to reconsider, reiterating the reasoning behind the denial of the motion to revise the defendant's sentence under Rule 35 and also ruling that, as reflected by the record, there had been full compliance with Rule 32 at the time of sentencing.

---

[1] The district court also considered whether it had jurisdiction if the claim were treated as if the motion had been filed pursuant to 28 U.S.C. § 2255 and reached the same conclusion, finding that if the defendant's motion were construed as a § 2255 motion, it would either be time-barred as beyond the one-year statute of limitations or procedurally barred as a successive petition not certified by this court.

[2] The defendant claimed that he did not receive notice of the district court's February 8, 2002, denial of his original Rule 35 motion until January 28, 2003, and that he mailed his motion for reconsideration on February 14, 2003. He argues that his late filing of the motion should be excused. However, the failure to file a timely notice of appeal deprives the appellate court of jurisdiction, under Federal Rule of Appellate Procedure 4(b), and a late-filed motion to reconsider fails to toll the running of the time period in Rule 4.

The defendant filed a notice of appeal from the judge's order denying reconsideration on October 10, 2003, but upon review of the filing dates, we noted that the motion to reconsider was untimely and, therefore, did not toll the period for filing an appeal from the underlying order. As a result, we held that we had jurisdiction to review only the denial of the motion to reconsider and not the denial of the original Rule 35 motion. We therefore dismissed the appeal insofar as it applied to the decision of February 8, 2002. We now have before us only the denial of reconsideration.

We review a district court's decision to deny a motion to reconsider for abuse of discretion. *See Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004), *citing Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003). We find none in this case. Because the district court merely restated the reasons for denying the Rule 35 motion, that ruling is not subject to review. Moreover, the district court had no jurisdiction to entertain that portion of the motion to reconsider that raised a claim under Rule 32, because Rule 32 "does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence." *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir. 1988).

Even if we could review the underlying decision, there would simply be no basis on which to hold that the defendant's sentence on the conspiracy count was subject to revision more than a decade after it was imposed. The district court correctly identified decisions of this court holding that when a conspiracy encompasses dates both before and after the effective date of the sentencing guidelines, the sentence for such a crime is properly

determined according to the guidelines.  *See*, *e.g.*, *United States v. Chambers*, 944 F.2d 1253, 1269-70 (6th Cir. 1991), *superceded by statute on other grounds as recognized in United States v. Avery*, 128 F.3d 966 (6th Cir. 1997);*United States v. Edgecomb*, 910 F.2d 1309, 1311 (6th Cir. 1990); *United States v. Walton*, 908 F.2d 1289, 1300 (6th Cir. 1990).

Finally, we note that the defendant contends on appeal that he should benefit from the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  However, the Supreme Court has not made *Booker* applicable to cases on post-conviction review.

For the foregoing reasons, we AFFIRM the decision of the district court to deny the defendant's motion for reconsideration.