**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-31375

CALVIN DUNCAN,

Petitioner-Appellant,

VERSUS

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

January 18, 2002

Before DUHÉ and BENAVIDES, Circuit Judges, and RESTANI[1], District
Judge.

DUHÉ, Circuit Judge.

Petitioner-Appellant Calvin Duncan seeks habeas relief
following post-conviction relief proceedings in state court
pertaining to his first-degree murder conviction and life sentence.
First, Duncan contends that the state court improperly rejected his
Brady claim[2] based on immateriality of exculpatory and impeachment
evidence withheld from him. Additionally, Duncan asserts error in

---

[1] Judge, U.S. Court of International Trade, sitting by designation.

[2] Brady v. Maryland, 373 U.S. 83 (1963), requires the state to disclose
material evidence favorable to the accused. See Little v. Johnson, 162 F.3d 855,
861 (5th Cir. 1998), cert. denied, 562 U.S. 1118 (1999).

the district court's and the state court's handling of a reasonable-doubt jury instruction and related claim that the instruction was constitutionally infirm under <u>Cage v. Louisiana</u>, 498 U.S. 39 (1990).  For the following reasons, we affirm.

**1.  <u>Brady</u> Documents Found Immaterial.**

Duncan contends that evidence withheld from him is exculpatory <u>Brady</u> information, because it is contrary to the trial testimony of a key eye witness, Kristie Emberling, and could have undermined an officer's testimony regarding Emberling's selection of Duncan from a photo line-up.  Specifically, Duncan contrasts Emberling's trial testimony that the shooter was wearing a leather jacket and a knit hat, with police reports from the night of the crime indicating that Emberling and other unnamed eye witnesses described a white or light shirt and leather sun visor. Duncan claims the reports conflicted enough with Emberling's trial testimony to have been useful as impeachment, had they been duly disclosed under <u>Brady</u>.

The state court denied <u>Brady</u> relief on the ground that the documents were immaterial.  <u>State v. Duncan</u>, 648 So.2d 1090, 1097-1100 (La. App. 4th Cir. 1994), <u>writ denied</u>, 657 So.2d 1028 (La. 1995), <u>cert. denied</u>, 516 U.S. 1148 (1996).  Regarding the omitted reports found to be immaterial, the district court quoted the state appellate court's finding that Emberling's transcribed statement, rather than the police reports, was the best evidence of what Emberling actually said.  An officer's notes during an interview

are not documents to which a defendant is entitled under the Jencks Act, 18 U.S.C. § 3500, if never adopted by the witness. Here, the officer's interpretation was not verbatim and not adopted by the witness, so could not be useful to impeach what Emberling said. As the state court found, the transcribed statement (mentioning a knit cap and leather jacket) and trial testimony differ only slightly. Similarly, her description of the murderer in her grand jury testimony was essentially the same as that given at trial. The district court found that the state court's holding did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court.

We review the district court's analysis of the Brady issues de novo. Felder v. Johnson, 180 F.3d 206, 212 (5th Cir.), cert. denied, 528 U.S. 1067 (1999). That is, we defer to the state court's adjudication unless it 1) was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or 2) constituted unreasonable fact-finding based on the evidence. 28 U.S.C. § 2254(d)(1) & (2).

We agree with the district court and do not find that the state court unreasonably applied the materiality standard. Evidence is "material" if there is a reasonable probability that, had the evidence been disclosed, the result at the trial would have been different; a reasonable probability is one that undermines confidence in the outcome of the trial. United States v. Bagley,

3

473 U.S. 667, 682, 685 (1985); Spence v. Johnson, 80 F.3d 989, 998 (5th Cir.), cert. denied, 519 U.S. 1012 (1996). Duncan has not convinced us that this undisclosed evidence would create a reasonable probability of a different result at trial.

Duncan alleges a second Brady violation in that information about Emberling's identification of him from a photo line-up was exculpatory and wrongfully withheld from the defense. Her undisclosed grand jury testimony and an investigative report revealed that Emberling expressed some reservations and trepidation in selecting Duncan from a photo line-up seven months after the crime, though Emberling's and a detective's trial testimony did not reflect any hesitation on her part. Duncan also complains of not knowing that a full week passed after her viewing the photos before she phoned the detective to say she was sure of her identification.

The police report reflects, however, that a week did not elapse; rather, Emberling told detectives thirty minutes later on the very same day she viewed the photos. According to the report, after first positively identifying Duncan, she then admitted being "not sure and . . . very scared"; the very same morning she phoned to state that she was positive and wavered because Duncan knew where she lived and she was afraid that he might attempt to kill her. Testifying before the grand jury, however, she did not remember when she called back, and surmised that it "could have been a week or so after." Additionally, before the grand jury, she

4

did not mention fear that Duncan would kill her as a reason for her hesitancy.

We disagree with Duncan's contention that the foregoing would have weakened Emberling's identification at trial or shown confusion or ingredients of suggestiveness. She did identify him *while looking* at the photo. We find no reasonable probability that a jury would have concluded that Emberling's equivocation and the circumstances resolving her tentativeness demonstrated uncertainty rather than fear. Omitted evidence is not material if there is only a reasonable *possibility* that either a total, or just a substantial, discount of testimony *might have produced* a different result. Felder, 180 F.3d at 213.

Finally, the materiality of suppressed evidence should be considered collectively, not item by item. Kyles v. Whitley, 514 U.S. 419, 436-37 (1995). Duncan argues that the court erred in considering the materiality of each piece of information in isolation rather than collectively. The district court did make clear that its holding pertinent to the Brady material was the same whether the evidence was considered "individually or collectively."

Undisclosed information must be evaluated in the context of the entire record; if no reasonable doubt lingers irrespective of the undisclosed matters, then the matters are not material to guilt. United State v. Davis, 752 F.2d 963, 975-76 (5th Cir. 1985). Emberling had a very close encounter with Duncan, indeed had a

5

conversation with him before the crime. She was only eight to ten feet away when she witnessed the shooting of her fiancé in the head. She identified Duncan twice from a photograph, and some months later she again identified him from a physical line-up. Considering the undisclosed evidence against the state's total case, we hold that Duncan has failed to show a reasonable probability of a different outcome if he had had full disclosure of the alleged Brady information.

**2. Procedural Bar of Cage Claim.**

The state court refused to review Duncan's contention that a reasonable-doubt jury instruction was unconstitutional under Cage because the record did not reflect that Duncan made a contemporaneous objection to the charge. Duncan, 648 So.2d at 1100; see La. Code Crim. Proc. Ann. art. 801 (West 1998). The district court deferred to the state court's finding that no objection was made to the jury instruction. The district court concluded accordingly that the Cage claim was subject to an independent and adequate state procedural bar.[3]

**A. Finding of No Contemporaneous Objection.**

Duncan complains, first, that the state court's ruling was not

---

[3] A federal court will not review a question of federal law decided by a state court if the decision rests on a state procedural default that is both adequate to support the judgment and independent of the merits of the federal claim, absent a showing of cause and prejudice for the default, or a showing that the failure to review the federal claim would result in a complete miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991); Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir.), cert. denied, 528 U.S. 828 (1999).

a finding of fact, and the district court erred in deferring to it as such.  We are unconvinced.  On post-conviction relief, the state court did hold a hearing[4] to determine the very question whether an objection was made when there was none of record.

The trial court found that the record showed no objection was lodged and rejected the argument after the hearing.  The appellate court concluded that counsel did not object during the jury instruction period and held the matter was procedurally barred.  Even if the court did not in its ruling specifically mention the attempted filing of an objection that was not reflected in the record, Duncan had his evidentiary hearing on the very point.  The court simply rejected his position as a question of fact.  A federal court defers to such a finding unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## B. Adequacy of Procedural Bar.

The state court barred Duncan's allegation that the reasonable-doubt jury charge was unconstitutional under Cage, based on his violation of Louisiana's contemporaneous-objection rule.  A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief.  Glover v. Cain, 128 F.3d 900, 902 (5th

---

[4]  Duncan presented the trial court with evidence that a) a written objection to the offending jury instruction was made but not file-stamped, b) his attorney's office filed such motions in every felony case, c) he had filed one in Duncan's case, too, and d) the clerk of court did not routinely file-stamp such documents.

Cir. 1997), cert. denied, 523 U.S. 1125 (1998). It is well-settled that the contemporaneous-objection rule is an independent and adequate state procedural ground. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). So long as the state court relied on the procedural default in dismissing the claim, as it did here, the claim is immune from federal review. Id.

Duncan contends that his Cage claim is excepted from the contemporaneous-objection rule, as it involves a jury instruction "of such importance and significance as to violate fundamental requirements of due process." See State v. Williamson, 389 So.2d 1328, 1331 (La. 1980). Because a Louisiana appellate court has recently applied this exception from the requirement of a contemporaneous objection to a Cage-deficient jury charge,[5] Duncan argues, barring his Cage claim based on lack of contemporaneous objection is not an independent and adequate state law ground.

Williamson involved a jury charge pertaining to elements of felony-murder--"the very definition of the crime." 389 So.2d at 1331. An element of the offense is "important and significant" enough to warrant correction as an error of constitutional magnitude, without a contemporaneous objection. Duncan contends that his Cage claim involves such a basic constitutional trial right as was involved in Williamson.

To be an "adequate" state law ground, the state rule must be

---

[5] State v. Lowery, 781 So.2d 713, 729-31 (La. App. 2nd Cir. 2001).

8

"consistently or regularly applied;" Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996). The procedural bar is adequate if courts have applied it in the vast majority of similar claims. Id.; Glover v. Cain, 128 F.3d at 902.

In Muhleisen v. Ieyoub, 168 F.3d 840 (5th Cir.), cert. denied, 528 U.S. 828 (1999), a panel of this Court declared, "We believe Louisiana's use of the contemporaneous objection rule, as applied specifically to Cage claims, is constitutionally adequate." 168 F.3d at 843. In light of the Louisiana Supreme Court's 1996 Quatrevignt[6] and Taylor[7] decisions, the Muhleisen panel nevertheless addressed the Cage claim "out of caution," despite the lack of objection, and Duncan urges us to do the same. The Muhleisen panel further declared, however, "Given Quatrevingt's proximity to the Louisiana Supreme Court's decision in Taylor, we doubt Quatrevingt can be cited for the proposition that the Louisiana Supreme Court inconsistently follows its contemporaneous-objection rule." 168 F.2d at 843.

Duncan also asks this Court to consider the state's jurisprudence with respect to the procedural rule in question only at the time the state court barred the claim, which was 1994 (State v. Duncan, 648 So.2d 1090, 1097-1100 (La. App. 4th Cir. 1994), writ

_____

[6] State v. Quatrevingt, 670 So.2d 197, 210-11 (La.), cert. denied, 519 U.S. 927 (1996), did not apply the contemporaneous-objection bar to a Cage claim.

[7] State v. Taylor, 669 So.2d 364 (La.), cert. denied, 519 U.S. 927 (1996), expanded the contemporaneous-objection bar, by limiting review in capital cases to trial errors to which a contemporaneous objection was offered, abrogating the previous rule of reviewing all claims, whether preserved by objection or not.

9

<u>denied</u>, 657 So.2d 1028 (La. 1995), <u>cert. denied</u>, 516 U.S. 1148 (1996). <u>Barrientes v. Johnson</u>, 221 F.3d 741, 761 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1134 (2001), considered the "adequacy" of the state law ground as of the date the state court determined that a claim was procedurally defaulted. Notably, however, the <u>Barrientes</u> court was bound by precedent--specific to cases concerning the Texas abuse-of-the-writ doctrine--to determine adequacy as of that date. <u>Barrientes</u>, 221 F.3d at 761.

Our precedent specific to <u>Cage</u> claims does not restrict us to consideration of the jurisprudence at the time a state court determined that the claim was procedurally barred. To determine the adequacy of the state law ground, <u>Muhleisen</u> readily considered the state jurisprudence without determining when a state court ruled that a procedural default had occurred.[8] The state procedural bar to the <u>Cage</u> claim provides an adequate and independent state law bar, so we do not reach the merits of this claim.

**Conclusion.**

Given the evidence presented to the jury of Duncan's guilt, we do not find his alleged <u>Brady</u> violations undermine confidence in the outcome of his trial. The state court indeed found that no

---

[8] In 1995 the state court denied Muhleisen the same arguments as he raised in his federal habeas petition. <u>Muhleisen</u>, 168 F.3d at 842 (citing <u>Muhleisen v. Whitley</u>, 664 So.2d 418 (La. 1995)). Yet the <u>Muhleisen</u> panel considered the two 1996 Louisiana Supreme Court cases discussed above as well as 1997 jurisprudence, <u>State v. Hart</u>, 691 So.2d 651 (La. 1997), in determining whether Louisiana's use of the contemporaneous-objection rule provided a constitutionally adequate state law ground.

10

contemporaneous objection was lodged to the reasonable-doubt jury charge, and we defer to that finding. The lack of a contemporaneous objection to the jury charge acts as a procedural bar to Duncan's <u>Cage</u> claim in this habeas action. The judgment of the district court is in all respects

AFFIRMED.