United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 02-30917
Summary Calendar**

**JOSHUA WILLIAMS,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,**

**Respondent-Appellee.**

**\* \* \* \* \* \* \* \* \***

**DUANE HENRY,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,**

**Respondent-Appellee.**

**Appeals from the United States District Court
for the Eastern District of Louisiana
(02-CV-640-I) & (02-CV-643-I)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Joshua Williams and Duane Henry, Louisiana prisoners #345191

and #345189, convicted of second degree murder, appeal, *pro se*, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of habeas relief under 28 U.S.C. § 2254. A certificate of appealability was granted on the materiality of Detective Jansen's report, which was either not disclosed to Williams and Henry or disclosed but not used by their attorneys at trial. (The parties were also directed to address the timeliness of the § 2254 petitions, which were filed more than a year after the convictions became final by direct review. Petitioners claim an exception based on claimed late discovery of the report. We need not rule on the time bar *vel non*, because the denial of relief is affirmed.)

The report indicated that Romesee Washington, who was also shot by the perpetrators, initially described them as short, with one having two gold teeth. (On the other hand, Washington testified at trial that: one of the shooters was short; the other was tall; and both had gold teeth, with the shorter one having more.) The report also stated that Washington attempted to commit suicide on the day before the shootings.

Williams and Henry contend: had the report been introduced at trial, there is a reasonable probability that the outcome of the trial would have been different because the report would have discredited Washington's identification of them. They assert: their convictions were in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), if the report was not disclosed; or in violation of **Strickland v. Washington**, 466 U.S. 668, 688, 694 (1984), if it was disclosed but not used by their attorneys at trial.

The tests for materiality for a *Brady* claim and for prejudice for an ineffective assistance of counsel claim are the same: a reasonable probability that the outcome of the proceedings would have been different had the evidence been disclosed and used at trial. *Johnson v. Scott*, 68 F.3d 106, 109-10 (5th Cir. 1995). An evidentiary hearing was not necessary to determine whether the report was disclosed because the materiality of the report can be determined from the record. *Lawrence v. Lensing*, 42 F.3d 255, 259 (5th Cir. 1994).

The state habeas courts did not state reasons for denying the state habeas applications. Reviewing Williams' and Henry's claims *de novo*, *see* *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997), we agree with the district court that: the report was not material under *Brady*; and, if it was disclosed, petitioners were not prejudiced by their attorneys' not using it at trial.

Detective Jansen's report entry indicating that Washington had described the shooters as short was based upon his interview with Washington after she awoke from surgery (following being shot). *Washington's handwritten responses to Jansen's questions during that interview were introduced and discussed at trial.* Other than the indication that both shooters were short and the inference that only one had gold teeth, the report's description of the offense is very similar to Washington's testimony. Washington positively identified both Williams and Henry from a photographic line up and

in court.  Also, circumstantial evidence connected Henry to the offense.  The report entry of Washington's initial description of the shooters was not material, because Detective Jansen's interpretation of what Washington said is not as useful as Washington's testimony and handwritten notes introduced at trial. *See Duncan v. Cain*, 278 F.3d 537, 539 (5th Cir.), *cert. denied*, 537 U.S. 829 (2002); *Wilson v. Whitley*, 28 F.3d 433, 440-43 (5th Cir. 1994).

With respect to the report entry discussing Washington's suicide attempt the day before the shooting, Williams and Henry contend that such information would have demonstrated Washington's drug use, which would have affected her ability to accurately identify the shooters.  Evidence was introduced at trial that Washington had taken medication and drugs the day before the shooting.  Williams and Henry have not shown that, had the report been introduced at trial, there is a reasonable probability that the outcome would have been different.  Given the evidence at trial, the report information would have had only a marginal or cumulative effect on Washington's credibility.  *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Jackson v. Johnson*, 194 F.3d 641, 650 (5th Cir. 1999).

*AFFIRMED*

4